UNITED STATES, Appellee,

v.

Ismail KURKCULER, a/k/a George Murphy, Defendant, Appellant.

No. 89–1266.

United States Court of Appeals, First Circuit.

Heard Oct. 5, 1990.

Decided Nov. 7, 1990.

---

Ralph J. Perrotta, for defendant, appellant.

Seymour Posner, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., was on brief, for appellee.

Before BOWNES, Circuit Judge, BROWN,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

---

* Of the Fifth Circuit, sitting by designation.

**1.** *See* 404 U.S. at 258, 92 S.Ct. at 496, 30 L.Ed.2d at 431 (Burger, J., for the plurality); *see also id.* at 266–67, 92 S.Ct. at 501, 30 L.Ed.2d at 436

JOHN R. BROWN, Senior Circuit Judge.

This case presents the question, left unanswered by the Supreme Court in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), of the appropriate remedy for a breach by the prosecution of a plea bargain agreement. *Santobello* left the choice of remedy, within certain boundaries, to the discretion of the state court, "which [was] in a better position to decide [what] the circumstances of [the] case require[d]." *Id.* at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

Although the *Santobello* Court did not identify the constitutional basis of the decision, its holdings are clearly of such proportions, since the Court would otherwise have had no jurisdiction over the defendant's sentencing under New York statutes.[1] We see no reason, therefore, to distinguish between the discretion to be afforded state and federal courts in breach-of-plea-bargain cases.

*Santobello* requires us to reverse and remand for resentencing or a vacated plea and new trial as the circumstances require. *Id.* Under our own breach-of-plea-bargain cases following *Santobello*, we find that the circumstances of this case do not require a new trial and that resentencing is an adequate, appropriate remedy.

### How It All Began

Appellant Kurkculer was prosecuted for wire fraud in connection with a scheme to defraud merchants by ordering goods COD and paying United Parcel Service with phony certified or cashier's checks.

Kurkculer and the government entered a plea agreement on December 18, 1988, under which Kurkculer was to plead guilty and the government was to recommend sentencing under the guidelines at level 13, and recommend the shortest sentence for that level—12 months—if merchandise valued at $100,000 or more was returned.

---

(Douglas, J., concurring) ("This is a state case over which we have no 'supervisory' jurisdiction.... I ... favor a constitutional rule....").

Kurkculer pleaded guilty on December 19 to three counts of fraud under 18 U.S.C. 1343, and before sentencing he returned merchandise valued at about $132,500. The probation officer's presentence report, however, suggested that a higher sentence level was warranted. Some of the reasons included evidence that Kurkculer had promoted similar schemes in other jurisdictions, and the probation officer's opinion that, because Kurkculer had bargained for a lower sentence recommendation in exchange for his guilty plea and the return of the merchandise, he had not truly accepted responsibility for his actions.

In the first session of a three-part sentencing hearing on February 15, 1989, the prosecution recommended that Kurkculer be sentenced in accordance with the presentence report. The defense objected to the prosecution's failure to make its recommendations in accordance with the agreement.

The hearing was continued, and on February 22, the defense moved that the matter be assigned to another judge for sentencing and that the prosecution be ordered to keep its agreement. The judge refused to recuse himself from the matter. The prosecution withdrew its original recommendation and now recommended a 12–month sentence under level 13 of the guidelines, as agreed. The defense renewed its motions, contending that the prosecution's new recommendation was ineffective, since the judge had heard the original recommendation and understood that this was the prosecution's "real" evaluation. The judge said that he was unaffected by the prosecution's recommendations, and held that because of the new recommendation there was no breach of the plea agreement. The judge asked if the defendant wished to withdraw his guilty plea, but defense counsel continued to request recusal and specific performance of the agreement.

Finally, on March 3, Kurkculer was sentenced in accordance with the recommendations of the presentence report, to three years in prison on each of the three counts, to run concurrently. The court also increased Kurkculer's sentence beyond the guideline range because of his "frivolous" objection to the presentence report.

### Promises, Promises

The Supreme Court's *Santobello* decision and our own decisions [2] require more than good faith by the government in securing through plea bargaining a defendant's waiver of constitutional rights. The government must keep its promises or the defendant must be released from the bargain. Thus, on remand Santobello's possible remedies for a prosecutor's breached agreement were specific performance or withdrawal of the bargained-for plea.

In *Santobello*, a prosecutor inadvertently breached a colleague's earlier agreement to make no sentence recommendation, and instead recommended the maximum sentence. The sentencing judge stated for the record that he was not influenced by the prosecutor's mistaken recommendation but rather by the presentence report, and sentenced the defendant to the maximum prison time.

The *Santobello* Court held that, "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise *must be fulfilled.*" 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433 (emphasis added).

The Court remanded for the state court "to decide whether the circumstances of this case require *only* that there be specific performance of the agreement on the plea, *in which case petitioner should be sentenced by a different judge,* or whether, in

---

**2.** *E.g., Correale v. United States,* 479 F.2d 944, 947 (1st Cir.1973) ("We must reverse, not because of any lack of good faith, but only because the most meticulous standards of both promise and performance must be met by prosecutors in plea bargaining."). *See also United States v. Hogan,* 862 F.2d 386, 388 (1st Cir.1988) (quoting with approval an opinion of the district court for Rhode Island—the same court from

which Kurkculer now appeals: " 'Santobello and its progeny proscribe not only explicit repudiation of the government's assurances, but must in the interests of fairness be read to forbid end-runs around them.' *United States v. Voccola,* 600 F.Supp. 1534, 1537 (D.R.I.1985)."). *But cf. United States v. Ramos,* 810 F.2d 308, 313–14 (1st Cir.1987) (recommendations need not be made "enthusiastically").

the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty." *Id.* at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433 (emphasis added). The Court obviously considered withdrawal of the plea—Santobello's preferred remedy—more extreme than resentencing.

It is at least suggested by the use of the word "only" and the phrase "or whether ... the circumstances require," that specific performance by the government of the plea agreement is the minimum acceptable remedy, and it is clear that where specific performance is a sufficient remedy, the Supreme Court has held that such a defendant "should be sentenced by a different judge." *Id.*

### The Revolving Issues

The case at hand revolves around factors which distinguish it from *Santobello*. It is distinguishable from *Santobello* by the prosecutor's retraction of his original recommendation followed by an acknowledgement and recitation of the agreed upon recommendation,[3] and by the court's offer to permit the defendant to withdraw his plea.[4]

In Kurkculer's sentencing, the prosecution withdrew its first recommendation, which was contrary to the plea agreement, and told the court that it was recommending sentencing in accordance with the agreement. Kurkculer argues that, since the judge was aware of the prosecutor's original recommendation and would consider it as the prosecutor's "real" opinion on the matter, the prosecutor's attempt to remedy its breach was ineffective.

The trial judge stated that he was not influenced by the offending recommenda-

tion, and held that the prosecution's retraction not only remedied the breach, but that there somehow was no breach at all. On appeal, it is not disputed that there was a breach.[5]

The government contends however, that since the trial court offered Kurkculer the opportunity to withdraw his guilty plea and he declined, Kurkculer has waived all right to any remedy to the prosecution's breach.

The questions then, are whether the prosecutor's belated specific performance before the same judge was a sufficient remedy to his breach, and whether the defendant has waived any relief by declining to withdraw his plea when offered the opportunity to do so.

### May a Defendant Choose His Remedy?

While not denying that *Santobello* affords a remedy for a government breach of a plea bargain, the government argues that *Santobello* does not afford a defendant a choice of remedy, and so by refusing the offered remedy, Kurkculer has waived any right he had to a remedy.

In his concurrence to *Santobello*, Justice Douglas recommends that "a court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State." *Santobello*, 404 U.S. at 267, 92 S.Ct. at 501, 30 L.Ed.2d at 436. Justice Douglas was the "swing" vote on this issue; three of the seven justices believed the defendant should be entitled to *withdraw his plea* if he chooses. *Id.* at 267–69, 92 S.Ct. at 501–02, 30 L.Ed.2d at 436–37 (Marshall, Brennan & Stewart, JJ., concurring in part and dissenting in part). Thus a majority of the Court would afford at least substantial def-

---

**3.** Santobello's prosecutor did not withdraw his recommendation, which breached an agreement to make no recommendation at all.

**4.** No such offer was made to Santobello. This in fact was the relief he sought.

**5.** We are reluctant to reverse the trial court on this factual issue. See, e.g., *Panzardi–Alvarez v. United States,* 879 F.2d 975, 987 (1st Cir.1989)

("The trial judge makes the factual determination of whether there has been a breach of the plea agreement. *United States v. Gonzalez–Sanchez,* 825 F.2d 572, 578 (1st Cir.), *cert. denied,* 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987). We will not reverse this determination, therefore, unless clearly erroneous. *Id.*"), *cert. denied,* —— U.S. ——, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990). It is clear error to say that no breach ever occurred.

erence to a defendant's preference *for vacating a plea. Id.* at 268 n. *, 92 S.Ct. at 502 n. *, 30 L.Ed.2d at 437. This arithmetic inference, however, should not be confused with the law of the case, which is that the court, not the defendant, chooses the remedy.

Petitioner cites *Correale v. United States*, 479 F.2d 944 (1st Cir.1973), apparently to support a preference for the relief requested by the defendant. But in *Correale*, the defendant abandoned a claim for vacating his plea and such an option was not offered by the trial court. In *Correale*, we determined that, where the defendant, as here, sought resentencing and not the opportunity to withdraw his plea, specific performance could not always be provided by remanding to a different judge for resentencing. We observed that in *Santobello*, unlike *Correale*, the defendant had been released on bail and had not begun to serve his sentence, and that therefore the Court had no reason to consider any other means of providing specific performance. The Court in *Santobello* left appropriate relief to the discretion of the state court and stated that "what is reasonably due in the circumstances ... will vary." *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In *Correale*, the prosecution had agreed to recommend that a federal sentence run concurrently with a state sentence. While the promised recommendation was given, the sentence was illegal and thus unfulfillable. 479 F.2d at 947 n. 3. Because it was impossible to give the defendant the benefit of the agreement by remanding for resentencing (the benefit being the *possibility* that the judge could choose to act in accordance with the recommendation), and because the defendant had already served the state sentence plus 17 months of his original federal sentence, we considered it "hollow to remand for resentencing" with a recommendation that the sentences run concurrently. *Id.* at 950. We determined that "the only just remedy and the only one which could now approximate specific enforcement of the agreement" would be a

sentence that resulted in the defendant's release. Consequently, we remanded the case with instructions to impose a suspended sentence that would achieve the same result. *Id.*

We used our equitable power in *Correale* to remand with instructions to impose a specific sentence in order to achieve specific performance of the agreement. Such an equitable remedy is extraordinary, however, depriving the trial court of its discretion in sentencing,[6] and instead giving the prosecutor the power to sentence. Obviously we do not take such action lightly. *Santobello* does not require courts to impose sentences as recommended, but only requires that the prosecutor keep its promise to make recommendations even though they are not binding on the court. Although the defendant in *Correale* received the remedy he requested, the case does not stand for the proposition that the defendant's preference necessarily prevails. Thus, even in *Correale*, we followed the *Santobello* rule that the court chooses the remedy.

In a later case, also asserting our power to impose a specific sentence on appeal, we chose the same remedy, but it was *not* the one preferred by the defendant. In *United States v. Garcia*, 698 F.2d 31 (1st Cir.1983) [hereafter *Angeles Garcia*], unlike *Correale*, the defendant asked to vacate her guilty plea and the government asked that she be resentenced to time served. We said, "Where withdrawal of the plea or specific performance would be meaningless or infeasible, a court may order imposition of a specific sentence. *Correale v. United States, supra*, 479 F.2d at 950; *accord United States v. Bowler, supra*, 585 F.2d [851] at 856 [ (7th Cir.1978) ]." 698 F.2d at 37. The defendant had served her sentence and been released on parole. We held that resentencing would serve no useful purpose and, because of the defendant's age, the unfairness to both parties of a trial, the less than egregious error of the prosecutor and the strength of the case, we ordered the trial court to resentence the defendant

**6.** *See* 18 U.S.C. § 3553.

to the amount of time served. "[W]e are persuaded that further proceedings are not in the interests of justice." *Id.*

### Waive Goodbye

The prosecution argues without using the word "waiver," that because Kurkculer declined the opportunity to withdraw his plea, instead seeking specific performance of the agreement before another judge, that he is entitled to no relief.

*Santobello* and its First Circuit progeny do not address the question of whether and how a defendant may waive the right to a remedy for the government's breach of its bargain. Of course, it may be possible to waive the remedy, just as one waives the right to a trial and other constitutional rights by pleading guilty pursuant to a plea bargain. An effective waiver of the remedy would reaffirm the defendant's waiver of the rights originally waived by pleading guilty. Thus, at a minimum, such a waiver must, like a guilty plea, be "knowing and voluntary."

■ Because we find that Kurkculer did not knowingly and voluntarily waive the right to a remedy to the breach, we need not determine whether the right may be waived, and what, if any, additional conditions to such a waiver are required. Even if Kurkculer waived any right to withdraw his plea, it cannot reasonably be assumed that he also knowingly and voluntarily waived any remedy, since he clearly continues to request the lesser remedy suggested by the Court in *Santobello.*

■ The Court in *Santobello* did not leave room for the defendant to inadvertently lose his due process rights, and to sacrifice his right to a trial to an unfair and unfulfilled bargain; instead it requires us

to determine what remedy is "required." *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

### May the Court Choose, Over Kurkculer's Objection, To Vacate His Guilty Plea?

*Santobello* requires that the breach be remedied and gives the choice of remedy to the court. Because Kurkculer has not waived a remedy but is not entitled to a choice of remedy, and because he prefers specific performance to the vacated plea offered by the trial court, we must determine whether the court may choose to vacate his guilty plea over his objections on remand.

This court has repeatedly expressed a *preference* for specific performance of the agreement by resentencing before a different judge rather than vacating pleas.[7] Once that is done, a defendant "will obtain all he says he was promised and can then have no right to withdraw the plea." *McAleney v. United States,* 539 F.2d 282, 286 (1st Cir.1976).

The case at hand is unusual in that the defendant prefers resentencing to vacating his plea. *Santobello* and our cases which refused to give the defendant a choice of remedy reached that result *where the defendant wanted his plea vacated.*

While the Court in *Santobello* did leave the choice of remedy to the state court on remand, the trial court was to determine whether the circumstances "require[d]" the greater remedy of a withdrawn plea or "only" specific performance. *Id.*

In determining what the circumstances require, we bear in mind that although the trial court is not required to accept a guilty

---

7. *See, e.g., United States v. Garcia,* 694 F.2d 294, 296 (1st Cir.1982) [hereafter *Francisco Garcia* ] (where trial court refused to hear government recommendation and defendant requested plea be vacated, resentencing was held appropriate); *McAleney v. United States,* 539 F.2d 282, 286 (1st Cir.1976) (where defendant relied on misinformation from his attorney regarding bargain prosecutor had not actually offered and trial court vacated plea, court of appeals permitted government option of giving before a new judge the recommendation relied upon by defendant if it could do so in good faith, thereby limiting defendant's remedy to resentencing); *Mawson v. United States,* 463 F.2d 29, 31 (1st Cir.1972) (where government was silent when plaintiff disavowed existence of bargain but pleaded

plea,[8] it has less discretion once a plea has been accepted.

█ We addressed the question of whether a district court may vacate a guilty plea over a defendant's objection once it has been accepted, in *United States v. Cruz,* 709 F.2d 111 (1st Cir.1983). In *Cruz,* the trial judge accepted a bargained-for guilty plea, then rejected the plea on the basis of information contained in the presentence reports of the defendant and two codefendants, and then recused himself.

We held that the district judge's actions contravened Fed.R.Crim.P. 11(e) (Plea Agreement Procedure), and Rule 32(c) (Presentence Investigation),[9] and that a guilty plea may not be set aside on the basis of information in a presentence report concerning something short of fraud on the court. *Id.* at 114–15.

Fed.R.Crim.P. 11(e) allows the court to accept or reject a guilty plea, or to defer its decision until it has had the opportunity to review the presentence report. *See United States v. Blackwell,* 694 F.2d 1325, 1338 (D.C.Cir.1982). The court may choose the latter, however, only if it has the defendant's permission to review the presentence report.[10] Fed.R.Crim.P. 32 provides that, "Except with the written consent of the defendant the report shall not be submitted to the court unless the defendant has pleaded guilty or nolo contendere or has been found guilty." Fed.R.Crim.P. 32(c)(1).

We agreed with the reasoning of *Blackwell:* "Rule 11 appears to speak unequivocally; if the plea is accepted, the judge does not announce any deferral of that acceptance, and the defendant adheres to the terms of the bargain, all parties to it are bound.... [T]he mere postponement

of sentencing itself to a future date does not authorize the judge to remake or vacate the plea bargain for whatever reasons later seem appropriate to [the judge]. [694 F.2d] at 1339." *Cruz,* 709 F.2d at 115.

Rule 32 was modified to permit the court to see the presentence report prior to accepting a guilty plea—but only with the defendant's permission—in response to *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969) which held that submission of presentence report to the court before the defendant pleads guilty or is convicted "constitutes error of the clearest kind," *Id.* at 492, 89 S.Ct. at 1136, 22 L.Ed.2d at 446, because the reports contain "hearsay and facts that are collateral to the central issue of the defendant's guilt or innocence in the instant case, [so] a trial court's exposure to the report could seriously prejudice the defendant." *Cruz,* 709 F.2d at 115.

Thus, in *Cruz,* the court's action in vacating a guilty plea after reviewing a presentence report "undermined the protection afforded the defendant by Rules 11 and 32." *Id.*

In Kurkculer's sentencing hearing, the court did not, nor is it purported to have relied on the presentence report in offering to vacate the plea. Rather, the opportunity to withdraw the plea was offered because of the prosecution's breach of its plea bargaining agreement. Nonetheless, if the plea is rejected over Kurkculer's objections, he will be similarly denied the protection of Rules 11 and 32 because the judge has reviewed the presentence report without Kurkculer's consent before the defendant has pleaded (guilty) or been convicted—unless he is tried by a different judge. Thus, under *Santobello* and the Rules the court must choose which remedy is "required:" a

---

guilty, and plaintiff sought "various forms of relief," resentencing was ruled appropriate).

**8.** *Santobello,* 404 U.S. at 262, 92 S.Ct. at 498, 30 L.Ed.2d at 498; *In re Arvedon,* 523 F.2d 914, 916 (1st Cir.1975); Fed.R.Crim.P. 11.

**9.** To the extent that *Cruz* relied on a double jeopardy analysis and is inconsistent with *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81

L.Ed.2d 425 (1984), it has been disapproved by this court. *United States v. Santiago Soto,* 825 F.2d 616 (1st Cir.1987).

**10.** *See* Fed.R.Crim.P. 32(c)(1); *United States v. Sonderup,* 639 F.2d 294, 296 (5th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 426 (1981); *United States v. Harris,* 635 F.2d 526, 528 (6th Cir.1980), *cert. denied,* 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 847 (1981).

vacated plea and trial or mere resentencing. We hold that specific performance by resentencing is all that is required in this case.

Specific performance is feasible and is a lesser burden on the government and defendant. Further, permitting a judge to vacate a plea over defendant's objection on breach by the prosecution allows the government to back out of its agreement at will and obtain a trial. Given nothing more than the prosecutor's breach, the circumstances do not "require" a new trial. Thus we hold that the facts of this case do not compel vacating Kurkculer's guilty plea over his objections.

### Was the Breach Corrected at Trial?

■ The defendant complains that the prosecutor's corrected recommendation is ineffective because the judge is aware of the government's "real" position on the sentencing and will be improperly influenced by the original recommendation. The trial court held that the breach was corrected by the later recommendation.

Neither of these arguments is in accordance with *Santobello*. The Court in *Santobello* nowhere suggested that a mere withdrawal of the offending recommendation with substitution of the agreed recommendation would have been a sufficient remedy. While no such attempt was made in *Santobello*, its futility is suggested by the Court's comment that "at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial.... That the breach of agreement was inadvertent does not lessen its impact." 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. *Cf. United States v. Brown*, 500 F.2d 375 (4th Cir.1974) (holding that where prosecutor promised to recommend a particular sentence, the mere half-hearted recitation of a suggested sentence would not satisfy the plea agreement).

Furthermore, the majority in *Santobello* found it irrelevant whether the judge was actually influenced by the breach. 404 U.S. at 262, 92 S.Ct. at 498, 30 L.Ed.2d at 433. In *Correale*, this court determined that, "The reason [that the impact on the judge is irrelevant] is obvious; it is the defendant's rights which are being violated when the plea agreement is broken or *meaningless*. It is his waiver which must be voluntary and knowing. He offers that waiver not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statements in court. If they are not adequate, the waiver is ineffective." 479 F.2d at 949 (emphasis added).

We therefore hold that under *Santobello* a remedy is required and that resentencing is an appropriate remedy.

In a footnote to *Correale*, we echoed *Santobello*'s requirement that a new judge resentence, although finding that "unusual circumstances" made the requirement inapplicable. 479 F.2d at 950 n. 6. A different judge was not needed in *Correale* because we ordered imposition of a specific, suspended sentence.

Time and tide wait for no man. As in *Angeles Garcia*, Kurkculer has already served more time than the government agreed to recommend, and he is scheduled to be released soon. Consequently, although the court would not have been bound by the government's recommendation, it is now, as in *Correale*, impossible for the court to *choose* to act in accordance with the bargained-for recommendation on remand. Thus, as in *Correale*, it would be "hollow to remand for resentencing" before a new judge who would be given the agreed-upon recommendation by the government. 479 F.2d at 950. Therefore, as in *Correale*, we remand for resentencing with specific instructions to the court. As in *Angeles Garcia*, where the defendant had served her sentence and had been released on parole, we order resentencing to time served—plus the supervised release, fine, special assessment and restitution ordered in the original sentence. As we stated in *Correale*, a new judge is not needed to carry out such an order.

In light of this disposition, we need not decide the merits of Kurkculer's assertions that the trial court improperly applied the sentencing guidelines.

AFFIRMED. THE SENTENCE IS VACATED AND THE CAUSE IS REMANDED.