**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-4453**

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CLIFFORD THOMAS MCCARTNEY,

                                        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-04-71-7)

—————————

Submitted:  November 30, 2005          Decided:  January 9, 2006

—————————

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clifford Thomas McCartney appeals his conviction and sentence for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (2000). McCartney pled guilty, pursuant to a plea agreement, in which, in exchange for his plea, the government agreed to "recommend the low end of the applicable guideline range." On appeal, McCartney argues that the government breached the plea agreement by failing to comply with this term of the agreement. We agree and therefore vacate McCartney's sentence and remand.

At sentencing, McCartney's counsel argued in support of a sentence at the low end of the applicable advisory guideline range or lower. When the court inquired of the government its position on sentencing, the Assistant United States Attorney responded: "Just that we'd ask that you stay within the advisory guideline range, Sir, but I don't have an opinion as to whether it should be the low end or the high end at this point."

After McCartney's counsel noted that the plea agreement required the government to recommend a sentence at the low end of the applicable guideline range, the court stated, "Well, I understand that and I will consider that [the AUSA] has done so after your having called this to her attention." The court proceeded to sentence McCartney to 115 months, the top of the advisory guideline range of 92 to 115 months.

A plea agreement is breached when a government promise which induces the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). By not recommending a sentence at the low end of the guidelines range, the government did not fulfill its obligations under the plea agreement. See United States v. Peglera, 33 F.3d 412, 414 (4th Cir. 1994) ("Given the express inclusion of [a promise to recommend a lower sentence] in the plea agreement, there would seem to be little question that the government's [failure to do so] constituted a breach.").

After McCartney's counsel informed the sentencing court of the government's promise in the plea agreement, the court deemed the recommendation made. This is not sufficient to excuse the government's failure to comply with its promise made in the plea agreement. See id. "[R]esentencing is required under Santobello regardless of the judge's awareness of the government's 'real' position as indicated in the plea agreement." Id., citing United States v. Kurkculer, 918 F.2d 295, 302 (1st Cir. 1990).

Case law requires us to remand this case to a different district judge for resentencing. See Santobello, 404 U.S. at 263; Peglera, 33 F.3d at 415. Our decision in no way impugns the sentencing judge, who competently conducted the proceedings.

We vacate the sentence and remand the case to a different district judge for resentencing. Upon remand, the district court

shall resentence McCartney consistent with the requirements of this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED