LUCERO, Circuit Judge,
dissenting in part and concurring in part.
In the majority’s view, this case is about which judge may conduct a resentencing under Santobello, and whether defense counsel alone may elect to forgo judicial reassignment. In my view, the question presented is far more substantial. This case requires us to decide if counsel can singlehandedly waive a defendant’s right *1250 to obtain the benefit of his constitutional plea bargain — a right that is inextricably intertwined with the rights waived at the time of entry of a guilty plea. I consider it beyond dispute that the decision to hold the prosecution to its promise belongs to the defendant, not to the whim of counsel.
I
Plea bargains cannot be “unilaterally broken with impunity or without consequence.” United States v. Stemm, 847 F.2d 636, 637 (10th Cir.1988). Any promises the government makes in a plea agreement “must be fulfilled to maintain the; 1223; 1223 integrity of the plea.” United States v. Werner, 317 F.3d 1168, 1170 (10th Cir.2003). Accordingly, when the government breaches a plea agreement, this court remands for one of two possible remedies: specific performance by the government or withdrawal of the defendant’s guilty plea. Santobello v. New York, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir.1995). The former remedy is sometimes described as resentencing, and typically occurs before a different judge.[1] See, e.g., Santobello, 404 U.S. at 263, 92 S.Ct. 495.
According to the majority, the reconvened hearing in district court amounted to specific performance of Oakes’ plea agreement. (Majority Op. at 1247.) But specific performance of a plea deal requires that “the Government ... fully comply with the agreement.” Puckett v. United States, 556 U.S. 129, 137, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Given this requirement and the nature of the government’s breach, the majority’s position is untenable.
There is no question that the prosecutor’s advocacy breached the government’s obligation under the plea agreement. In exchange for Oakes’ guilty plea, the government agreed not to object to Oakes’ request for concurrent sentencing. At sentencing, however, the prosecutor urged the court to impose a consecutive sentence, arguing that the time remaining on Oakes’ previous sentence was “not long enough for th[e] community to recover from the many years of being ruled by this defendant, his brothers, and the 107 Hoover Crips.”
At issue is how best to interpret what followed. By the time Oakes alerted his attorney of the breach, the court had already sentenced Oakes and recessed the sentencing hearing. Upon being informed of the plea agreement issue, the judge “resumed” the proceeding, and defense counsel stated that he “fe[lt] comfortable” with the original sentencing judge addressing the issue “here in court today.” The court responded that “other than either acknowledging or denying the breach of the plea agreement,” there was “not much that the government c[ould] say at this point.” This led the prosecution to apologize and explain that it had not intended to breach the plea agreement. Following this apology, the court “struck” the prosecutor’s problematic remarks and “reaffirmed” its decision from minutes earlier, proclaiming itself “free of any influence” from the prosecutor’s advocacy in violation of the plea agreement. Under the majority’s view, these events satisfied the “essentials of a resentencing,” as contemplated by Santobello. (Majority Op. at 1247.)
I fail to see how anything resembling specific performance of the plea agreement occurred below. Certainly, the judge’s actions could not have constituted specific performance by the government. As San *1251 tobello makes clear, a judge’s “state[ment] that the prosecutor’s [improper sentencing] recommendation did not influence him,” is insufficient as a remedy. Santobello, 404 U.S. at 262, 92 S.Ct. 495. Moreover, under Santobello — and, indeed, under basic contract principles — it is the breaching party who must rectify the breach by specifically performing an agreement. Id.
Having already done what it agreed not to do, it is unclear how the prosecution in this case could “fully comply with the agreement” absent a new proceeding. Puckett, 556 U.S. at 137, 129 S.Ct. 1423. Honoring the court’s request not to “get into advocacy,” the prosecutor merely apologized after the violation of the plea agreement came to light. Contrition, however, is not a cognizable remedy under Santobello. 404 U.S. at 262-64, 92 S.Ct. 495. As the Court noted in that case, “staff lawyers in a prosecutor’s office have the burden of ‘letting the left hand know what the right hand is doing’ or has done. That the breach of agreement was inadvertent does not lessen its impact.” Id. Indeed, if responsibility for a plea obligation could be evaded through mere apology, the government would have little incentive for upholding its promises in any context. See id. at 499, 92 S.Ct. 495 (Douglas, J. concurring). To specifically perform the plea agreement, the prosecution needed to do more.
The majority misses this point by focusing on whether the judge could properly conduct Oakes’ resentencing. I do not doubt that, had Oakes so requested on appeal, we might have remanded this case for the original judge to preside over a new hearing in which the prosecutor did not contest Oakes’ request for concurrent sentencing. Such a result would be on all fours with United States v. VanDam. See 493 F.3d at 1206 (honoring defendant’s request “that the government be required to fulfill its promise in front of the same sentencing judge”). In that case, we ordered the original judge to preside over a new hearing in which the government specifically performed its plea obligation by recommending a sentence at the low end of the defendant’s Guidelines range. Id. at 1206-07. Eschewing judicial reassignment therefore did not deprive VanDam of his right to a remedy.
Oakes, however, has not received either remedy endorsed by Santobello. We must decide if this is acceptable given counsel’s request that the district court “resentenc[e]” Oakes on the spot. In other words, may counsel alone waive a defendant’s right under Santobello to obtain the benefit of his constitutional bargain?
II
“What suffices for waiver depends on the right at issue.” New York v. Hill, 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). For waiver of some rights, agreement by counsel is sufficient as a matter of “practical necessity.” Gonzalez v. United States, 553 U.S. 242, 249, 128 S.Ct. 1765, 170 L.Ed.2d 616 (2008). Other rights, however, “are so important that an attorney must seek the client’s consent in order to waive the right.” Id. at 250, 128 S.Ct. 1765 (citation omitted). These include a defendant’s right to “ ‘plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.’” Id. at 251, 128 S.Ct. 1765 (quoting Florida v. Nixon, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004)). In my view, the right to a remedy under Santobello falls within the latter category, and cannot be waived by counsel without consent.
Ours is increasingly “a system of pleas, not a system of trials.” Missouri v. Frye, - U.S. -, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012). Ninety-seven percent of federal convictions and ninety-four per *1252 cent of state convictions are the result of guilty pleas. Id. If defendants lose faith that the government will uphold its promises, this entire apparatus could come to a crashing halt.
Thus, as courts have frequently emphasized, our criminal justice system requires that defendants who plead guilty receive the benefit of their plea bargains. See e.g., Santobello, 404 U.S. at 261-63, 92 S.Ct. 495; United States v. Villa-Vazquez, 536 F.3d 1189, 1196 (10th Cir.2008); Van Dam, 493 F.3d at 1202-04; Werner, 317 F.3d at 1169-70; Allen, 57 F.3d at 1534; Stemm, 847 F.2d at 637. We have explained that a “prosecutor’s material breach of a plea agreement undermines the efficacy, and probity, of the criminal justice. It also erodes public confidence in the legitimacy of this system.” VanDam, 493 F.3d at 1203-1204. Ensuring that a defendant receives specific performance or rescission following a breach is therefore essential to “preserving] the integrity of the criminal justice process, and the public’s faith in its integrity.” Id. at 1204.
Guaranteeing the integrity of plea bargains is also of great personal concern to individual defendants. When a defendant enters into a plea agreement, he waives several fundamental constitutional entitlements. Santobello, 404 U.S. at 264-66, 92 S.Ct. 495 (Douglas, J., concurring). These include the right to a jury trial, the right to confront one’s accuser, the right to present witnesses in one’s defense, and the right to put the government to its burden of proving guilt beyond a reasonable doubt. Id. A defendant waives these rights solely because he expects that the government will fulfill its promises in return. Allowing counsel to sacrifice such valuable consideration to a defaulted bargain is fundamentally unfair.
The First Circuit adopted a similar rationale in United States v. Kurkculer, 918 F.2d 295 (1st Cir.1990). In Kurkculer, as in the case at bar, the prosecution violated a plea agreement at sentencing. Id. at 297. On appeal, the government maintained that the defendant had waived his right to invoke Santobello, but the court rejected this argument because it found that Kurkculer did not “knowingly and voluntarily waive the right to a remedy.” Id. at 300. Waiving a Santobello remedy, the court reasoned, requires “reaffirm[ing] the defendant’s waiver of the rights originally waived by pleading guilty.” Id. I agree. Given the gravity of a plea breach, I would hold that a defendant must knowingly and voluntarily consent before remedies for breach are waived.[2]
Ill
A defendant cannot be required to accept a defaulted plea bargain without his knowing consent. Because it is not possible to infer from the appellate record whether Oakes consented to waive his rights to either specific performance or rescission of his plea deal, I would remand to allow the district court to make this determination. I join in the denial of the government’s motion to enforce the appeal waiver in the plea agreement.

. The vast majority of circuits mandate judicial reassignment prior to resentencing. See United States v. VanDam, 493 F.3d 1194, 1206 n. 8 (10th Cir.2007) (collecting cases). This circuit does not. Id. at 1206.

. In addition, the manner in which a defendant proceeds in the face of a defaulted plea bargain will often turn on the role the particular breached promise played in the defendant’s decision to plead guilty. Thus, unlike a purely tactical choice, such as between a magistrate or Article III judge, (see Majority Op. at 1248-49), the defendant, rather than his attorney, will often have superior insight into the decision.