<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4808**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MAGDALENO SANTIBANEZ-HERNANDEZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00018-MR-DLH-1)

Submitted:  June 11, 2013              Decided:  July 5, 2013

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Henderson Hill, Executive Director, Ann L. Hester, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Magdaleno Santibanez-Hernandez pled guilty to unlawfully reentering the United States after removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Santibanez-Hernandez pled guilty pursuant to an oral plea agreement, in which the Government agreed not to oppose the federal sentence running concurrently with Santibanez-Hernandez's undischarged state sentence. On appeal, Santibanez-Hernandez argues that the Government breached the plea agreement by initially advocating for imposition of a consecutive sentence. We agree and, therefore, vacate the sentence and remand.

At sentencing, Santibanez-Hernandez's counsel argued in support of a concurrent sentence. When the court sought the Government's position on sentencing, the prosecutor responded

> that the time that [Santibanez-Hernandez] received from the state, as well as the time that the [c]ourt may impose today is warranted. It's a situation where Mr. Hernandez has engaged in drug trafficking for a long time, has received sentences and has not learned his lesson. And we do believe that there is a deterrent value in running his sentences consecutively . . . .

(J.A. 91).[1]

---

[1] "J.A" refers to the joint appendix filed by the parties.

After Santibanez-Hernandez's counsel noted that the parties had agreed during plea negotiations that the Government would not oppose a concurrent sentence, the Government acknowledged its mistake. The court suggested that the Government may wish to strike its argument, and the Government agreed, acknowledging that its argument was inconsistent "with [its] earlier position in this case." (J.A. 93). The district court proceeded to sentence Santibanez-Hernandez to a term of fifty months in prison. Concluding that the Sentencing Guidelines generally favored consecutive sentences, the court declined to direct that the federal sentence run concurrently with Santibanez-Hernandez's outstanding state sentence, even though it recognized that "ordinarily this [c]ourt would give much credence to . . . [a plea] agreement." (J.A. 96).

Where, as here, a party raised the issue of breach in the district court, "we review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." United States v. Lewis, 633 F.3d 262, 267 (4th Cir. 2011) (internal quotation marks omitted); see United States v. Diaz-Jimenez, 622 F.3d 692, 693-94 (7th Cir. 2010) (finding defendant's objection sufficient to preserve issue for appeal despite failure to renew objection after government's attempt to cure breach); cf. Puckett v. United States, 556 U.S. 129, 133 (2009) (applying plain-error

3

standard where "at no time during [sentencing] did [defense] counsel object that the Government was violating its obligations under the plea agreement").

A plea agreement is breached when a government promise that induces the plea goes unfulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). By initially opposing a concurrent sentence, the Government here did not fulfill its obligations under the plea agreement. See United States v. Peglera, 33 F.3d 412, 414 (4th Cir. 1994).

After Santibanez-Hernandez's counsel informed the sentencing court of the Government's promise, the Government withdrew its argument. This is not sufficient to excuse the Government's failure to comply with its promise made in the plea agreement; "resentencing is required under Santobello regardless of the judge's awareness of the government's 'real' position as indicated in the plea agreement." Id. (citing United States v. Kurkculer, 918 F.2d 295, 302 (1st Cir. 1990)). "The Court in Santobello nowhere suggested that a mere withdrawal of the offending recommendation with substitution of the agreed recommendation would have been a sufficient remedy." Kurkculer, 918 F.2d at 302. "To excuse plea agreement breaches in light of later attempted mitigation would lessen the government's duty of strict compliance" and thereby compromise the integrity of the

4

judicial system.  United States v. Alcala-Sanchez, 666 F.3d 571, 577 (9th Cir. 2012).

Because the Government breached the plea agreement, we grant Santibanez-Hernandez the requested specific performance, vacate his sentence, and remand for resentencing before a different district judge.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] Our direction that resentencing proceed before a different district judge is consistent with this court's usual practice when a breach of a plea has occurred.  See, e.g., United States v. Dawson, 587 F.3d 640, 648 (4th Cir. 2009).  We emphasize "that this is in no sense to question the fairness of the sentencing judge."  Santobello, 404 U.S. at 263.