# United States Court of Appeals

## For the First Circuit

No. 00-2460

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES R. RIGGS, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

Tina Schneider, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, were on brief, for appellee.

April 24, 2002

**TORRUELLA, <u>Circuit Judge</u>**. Defendant James R. Riggs, Jr., pursuant to a plea agreement, pled guilty to one count of conspiracy to distribute cocaine base. The district court sentenced defendant to 235 months' imprisonment and five years' supervised release. The defendant hereby appeals his sentence. Because we find that the government breached the plea agreement, we reverse and remand the case to permit the defendant an opportunity to withdraw his guilty plea.

**I.**

In January of 2000, a federal grand jury indicted the defendant on two counts: conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count I); and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count VI).[1] The indictment did not specify any drug amounts.

In March of 2000, the defendant entered into a plea agreement with the government under which he agreed to plead guilty to Count I in exchange for the government's promise to dismiss Count VI after sentencing on Count I. Pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B), the agreement also provided that the parties would jointly "recommend to the Court at the time sentence is imposed that the Defendant be sentenced on the basis of a drug quantity of five to fifty grams of cocaine base or its

---

[1] The indictment contained other counts, directed at Riggs' co-defendants, which are immaterial to this appeal.

marijuana equivalent." The agreement explicitly specified that such recommendation was non-binding on the court. The plea agreement further stated that the mandatory minimum sentence applicable to the defendant was five years' imprisonment.

On March 15, 2000, the district court held a Rule 11 hearing at which it accepted the defendant's plea of guilty to Count I. The court informed the defendant that under his plea he was subject to a five-year mandatory minimum sentence.

Subsequent to the Rule 11 hearing, the Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR recommended a sentence based on a drug quantity of 480 grams of cocaine base, producing a base offense level of 34, and a three-level downward adjustment for acceptance of responsibility, bringing defendant's total offense level to 31. The PSR, based on a Criminal History Category ("CHC") of VI, calculated the appropriate guideline range to be 188 to 235 months. Neither party objected to the findings contained in the PSR.[2]

On September 21, 2000, the court held a presentence conference. The court questioned the parties as to the PSR's recommended drug quantity, and neither party objected. The court then agreed with the PSR that a drug quantity of 480 grams would result in a guideline range of 188 to 235 months for a defendant with a CHC of VI.

---

[2]  Two revised PSRs were issued, but neither included any changes that affected the PSR's recommended sentence. Neither party objected to either of the revised PSRs.

The sentencing hearing was held on September 27, 2000. The prosecutor stated to the court that the applicable guideline range was 188 to 235 months and that he was "asking for a sentence of 200 months." Defense counsel opined that "188 months is plenty." Neither the prosecutor nor defense counsel ever recommended at the time of sentencing (or at any previous time) that the defendant's sentence be calculated based on a drug amount of five to fifty grams, as expressly required by the plea agreement.

The district court accepted the plea agreement, concluded that the applicable guideline range was 188 to 235 months, based on a total offense level of 31 and a CHC of VI, and sentenced defendant to 235 months' imprisonment and five years' supervised release. The court, after having to remind the government to move to dismiss, then dismissed Count VI.

The defendant never raised any objection to his sentence before the district court. However, the defendant appeals his sentence to this Court and seeks to withdraw his plea, alleging that the government breached the plea agreement.[3]

**II.**

"When a defendant has knowledge of conduct ostensibly amounting to a breach of a plea agreement, yet does not bring that breach to the attention of the sentencing court, we review only for

---

[3] The defendant also appeals on grounds of ineffective assistance of counsel, violation of Rule 11, and violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Because we are reversing and remanding on other grounds, we do not address these arguments.

-4-

plain error." United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000). To establish plain error, a defendant must demonstrate that: (1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error adversely impacted the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725, 732-36 (1993); Saxena, 229 F.3d at 5.

### III.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "Because plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to 'the most meticulous standards of both promise and performance.'" United States v. Vélez Carrero, 77 F.3d 11, 11 (1st Cir. 1996) (quoting United States v. Clark, 55 F.3d 9, 12 (1st Cir. 1995)).

In this case, the government fell woefully short of satisfying these "meticulous standards." Although the plea agreement bound the government to recommend a sentence based on a drug quantity of five to fifty grams, the government utterly failed to do so.[4] Instead, the government accepted the PSR's

---

[4] We note that the government was not the only party guilty of inattentive lawyering. Defense counsel, pursuant to the plea agreement, also had a duty to recommend such a sentence, but failed to do so. Moreover, defense counsel, for no apparent reason other

recommendation that 480 grams of cocaine base be attributed to the defendant. Consequently, the prosecutor stated that the guideline range was 188 to 235 months[5] and that he recommended a sentence of 200 months. The prosecutor never mentioned during sentencing the plea agreement, the five to fifty grams drug quantity, or another guideline range that corresponded to this drug quantity.[6] Thus, the government failed to satisfy its obligation under the plea agreement.[7]

---

than ineptitude, also failed to object <u>at any point</u> to the sentence imposed or to the drug quantity attributed to his client.

[5] The guideline range was calculated based on a base offense level of 34, <u>see</u> U.S.S.G. § 2D1.1(c)(3) (applying to drug quantities of at least 150 but less than 500 grams of cocaine base), a three-level adjustment for acceptance of responsibility, <u>see</u> U.S.S.G. § 3E1.1, and a CHC of VI.

[6] A drug quantity of five to fifty grams of cocaine base could result in several possible guideline ranges. A drug quantity of at least 5 grams but less than 20 grams results in a base offense level of 26. <u>See</u> U.S.S.G. § 2D1.1(c)(7). Taking into account the three-level adjustment for acceptance of responsibility and a CHC of VI, this would result in a guideline range of 92 to 115 months. A drug quantity of at least 20 grams but less than 35 grams results in a base offense level of 28, <u>see</u> U.S.S.G. § 2D1.1(c)(6), and taking into account the same factors as above, a resulting guideline range of 110 to 137 months. A drug quantity of at least 35 grams but less than 50 grams results in a base offense level of 30, <u>see</u> U.S.S.G. § 2D1.1(c)(5), and a corresponding guideline range of 130 to 162 months. A drug quantity of exactly 50 grams produces a base offense level of 32, <u>see</u> U.S.S.G. § 2D1.1(c)(4), and results in a guideline range of 151 to 188 months. Thus, if the government had recommended a sentence within these guideline ranges (i.e., 92 to 188 months), its recommendation arguably could have satisfied the promise in the plea agreement.

[7] Moreover, we note that the prosecutor did not even move to dismiss Count VI, as he was obligated to do under the plea agreement, until the district court reminded him. This reminder should have been unnecessary.

The critical issue before us, however, is whether the government's breach of the agreement amounts to plain error under the Olano standard. Although plain error review usually applies to errors committed by the court, we have also assessed governmental breaches of plea bargains, in the absence of a contemporaneous objection, under this same standard. See Saxena, 229 F.3d at 5.

Beyond a plain violation of the plea agreement, the defendant must show that the government's breach was prejudicial. See Olano, 507 U.S. at 734 (noting that, to affect substantial rights, the error must be prejudicial). Although a defendant usually demonstrates prejudice by proving that the error affected the outcome of the proceedings, see id., a defendant alleging a breached plea agreement on appeal need not go so far. See Clark, 55 F.3d at 13-14 (stating that prosecutor's failure to abide by plea agreement, even if did not affect the defendant's sentence, is not harmless error); Correale v. United States, 479 F.2d 944, 949 (1st Cir. 1973) (finding that prosecutor's breach of plea agreement "is not rendered harmless because of judicial refusal to follow the recommendation or judicial awareness of the impropriety"). In a plea agreement, the defendant is bargaining for "the prestige of the government and its potential to influence the district court." Vélez Carrero, 77 F.3d at 12. When the prosecutor fails to fulfill the agreement, the defendant is prejudiced because his rights are violated. See Correale, 479 F.2d at 949 (noting that waiver of rights, in exchange for prosecutor's statements, is ineffective when agreement is violated).

That said, minor deviations will not void a plea bargain. See Clark, 55 F.3d at 13 n.3 (opining that violation of terms not inducing the plea will be considered harmless); Correale, 479 F.2d at 947. Were it clear, for example, that the court had been fully aware of the recommendation at sentencing, the mere failure by the government to present it orally might not prove prejudicial. Compare United States v. Flores-Sandoval, 94 F.3d 346, 352 (7th Cir. 1996) (finding that failure to orally state terms of agreement, of which court was aware, would not be sufficient to show prejudice to defendant), with United States v. Barnes 278 F.3d 644, 647-48 (6th Cir. 2002) (stating that government's failure "to expressly request" terms of plea agreement can constitute prejudicial error, even where court knew terms of agreement and would have rejected recommendation). Here the district judge acknowledged the government's intended recommendation at the Rule 11 hearing, but several months elapsed between the hearing and sentencing, and it is unclear whether the court deliberately rejected the government's recommendation or simply forgot about it during the intervening time.[8] As a result, the government's failure to abide by the plea bargain was not a mere "technical" breach. Cf. United States v. Pryor, 957 F.2d 478, 482 (7th Cir. 1992) (failing to inform court of information relevant to plea, of

---

[8] At sentencing, the district judge stated, "The Court will accept the plea agreement in this matter." The court's statement, though, seems to refer only to the government's promise to dismiss Count VI, since the court did not impose a sentence that corresponded with the promised drug-quantity recommendation.

-8-

which court already is aware, is "technical violation" that does not amount to plain error).

In addition to being prejudicial, the government's breach of the plea agreement meets the fourth prong of the Olano test:

> [B]ecause violations of plea agreements on the part of the government serve not only to violate the constitutional rights of the defendant, but directly involve the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government, we hold that the Government's breach constituted plain error.

United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997); accord Barnes, 278 F.3d at 647-48.

## IV.

As a result of the government's breach of the plea agreement, exacerbated by defense counsel's performance, we reverse and remand the case to allow the defendant to withdraw his guilty plea.

**Reversed and remanded**.