# United States Court of Appeals
## For the First Circuit

No. 02-2063

UNITED STATES,

Appellee,

v.

JAMES R. RIGGS, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Torruella, Selya and Lynch,
Circuit Judges.

Tina Schneider on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby,
United States Attorney, on brief for appellee.

October 16, 2003

**Per Curiam**.     This is the second appeal by defendant-appellant James R. Riggs, Jr.  In his first appeal, Riggs argued that the government breached the plea agreement by not recommending that he be sentenced on the basis of five to fifty grams of cocaine base, as expressly set forth in the agreement.  We agreed, and therefore vacated Riggs's sentence and directed the district court to consider whether specific performance of the plea agreement or withdrawal of the guilty plea was the appropriate remedy.  United States v. Riggs, 287 F.3d 221, 224-25 (1st Cir. 2002) (Riggs I). On remand, Riggs elected to stand on his guilty plea and was resentenced.

In the present appeal, Riggs argues that his sentence should be vacated and his case remanded for resentencing because (1) the government breached the plea agreement again, this time by suggesting that Riggs receive the maximum sentence available under the law, even though the government had agreed to recommend a sentence based on a specific amount of cocaine base, and (2) the district court erred by imposing a term of supervised release that exceeded the sentencing guidelines for an offense involving an unspecified amount of cocaine base, without providing an explanation and advance notice to the parties.  We affirm.[1]

With respect to Riggs's first argument, we note that Riggs did

---

[1] The court has determined that oral argument would not aid the decisional process.  See Fed. R. App. P. 34(a)(2)(C); 1st Cir. Loc. R. 34(b).

not object to any of the government's comments at the resentencing hearing.  As we said in Riggs I:

> When a defendant has knowledge of conduct ostensibly amounting to a breach of a plea agreement, yet does not bring that breach to the attention of the sentencing court, we review only for plain error.  To establish plain error, a defendant must demonstrate that: (1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error adversely impacted the fairness, integrity, or public reputation of judicial proceedings.

Id. at 224 (internal citations and quotation marks omitted).

We conclude that there was no plain error here.  The plea agreement provided that the parties would recommend a sentence based on five to fifty grams of cocaine base, but the parties subsequently agreed, prior to resentencing, to narrow that spread to 35 to 49 grams.  The guideline range for trafficking in 35 to 49 grams of cocaine base, based on Riggs's total offense level of 27 and his Criminal History Category (VI), is 130 to 162 months of imprisonment.  At the resentencing hearing, the government recommended that Riggs receive a 162-month sentence.  While the government did not specifically mention that its recommendation was based on a drug quantity of 35 to 49 grams of cocaine base, it had so stipulated less than an hour earlier at a presentence conference.  Moreover, its sentencing recommendation was at the high end of, but clearly within, the guideline range for this drug amount.  Therefore, the government did not breach its obligations under the plea agreement.

Although Riggs takes issue with the government's failure to reference the 35 to 49 grams of cocaine base at the disposition hearing itself, the plea agreement did not specifically say that the government had to mention the drug quantity that led to the applicable guideline range. What is more, the district court already had indicated that it was aware that the parties' sentencing recommendations would be based on that specific drug quantity. Finally, despite the fact that the government recounted Riggs's involvement in the drug conspiracy and noted that the conspiracy ended with "the seizure of several hundred grams of crack cocaine," these facts were contained in the presentence investigation report. It was not only appropriate, but also in conformity with the government's obligations for it to provide the sentencing court with information as to the material facts surrounding the offense. See, e.g., United States v. Mata-Grullon, 887 F.2d 23, 24 (1st Cir. 1989) (noting that "the government must bring all relevant facts to the [sentencing judge's] attention").

Riggs's complaint that the government made the requisite recommendation somewhat grudgingly avails him naught. The government's recommendation need not be enthusiastic. See, e.g., United States v. Benchimol, 471 U.S. 453, 455-56 (1985) (stating that a criminal defendant has no right to an "enthusiastic" recommendation by the prosecutor in order to achieve compliance with a plea agreement). We interpret the government's statement

that Riggs "should receive the maximum sentence available under the law" as recommending the maximum guideline sentence available under 21 U.S.C. § 841(b)(1)(B) based on Riggs's total offense level and criminal history category.

We also reject Riggs's second argument. That argument is raised for the first time in this appeal (and, therefore, can only be reviewed for plain error). See, e.g., United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). Riggs argues that the district court erred by imposing a term of supervised release that exceeded the sentencing guidelines for an offense involving an unspecified amount of cocaine base, without providing advance notice to the parties and an explanation for doing so. In effect, Riggs treats the supervised release term as constituting an upward departure because no drug quantity was alleged in the indictment, included in the government's version of the facts, or determined by the court beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). For that reason, he says, he could not receive more than the maximum sentence for an unspecified quantity of cocaine base under 21 U.S.C. § 841(b)(1)(C) – a supervised release term of two to three years. See USSG § 5D1.2(a)(2) (providing that if a term of supervised release is ordered, the length of the term for a Class C felony shall be "at least two years but not more than three years").

The supervised release term did not exceed the guideline range

for the offense to which Riggs pled guilty (and, thus, was not an upward departure). The record is clear that Riggs accepted responsibility for 35 to 49 grams of cocaine base, making his offense a 21 U.S.C. § 841(b)(1)(B) offense. Because such an offense is a Class B felony, see 18 U.S.C. § 3559(a)(2), the applicable guideline provision calls for "at least three years but not more than five years" of supervised release. USSG § 5D1.2(a)(1). Thus, the district court's imposition of a five-year supervised release term did not exceed the guideline range.

Moreover, even assuming without deciding that an Apprendi error occurred because the length of Riggs's sentence was driven largely by drug quantity (a fact neither charged in the indictment nor submitted to a jury), Riggs stipulated that he was responsible for a drug quantity that placed him at a higher statutory level than the default statutory maximum, and his sentence fell within that higher level. Consequently, he cannot establish either prejudice or plain error. See Duarte, 246 F.3d at 60 (holding that even if Apprendi error occurred, defendant who admitted to drug quantity at time of plea suffered no prejudice by omission of specific drug quantity in indictment or by absence of jury determination on that point, and, therefore, plain error standard was not met).

For the reasons stated, the judgment and sentence are affirmed.

<u>Affirmed</u>.