**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1289

UNITED STATES,

Appellee,

v.

ISMAEL ESTEBAN FIGUEROA-DE-LA-CRUZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Selya, Lynch and Lipez,
Circuit Judges

---

Joseph C. Laws, Jr., Federal Public Defender, and Hector E. Guzman-Silva, Assistant Federal Public Defender, on brief for appellant.

H.S. Garcia, United States Attorney, Sonia I. Torres-Pabón, Assistant U.S. Attorney, and Thomas F. Klumper, Assistant U.S. Attorney, on brief for appellee.

---

April 1, 2005

---

**Per Curiam**.  In this sentencing appeal, the defendant, Ismael Esteban Figueroa-De-La-Cruz ("Figueroa"), argues that the district court erred in two ways:  (1) in basing his sentence on theft of more than $10,000 when his indictment charged him with theft of only $10,000 and (2) in delegating authority to the probation officer to order an unlimited number of drug tests during his supervised release.  Because we find that Figueroa knowingly and voluntarily waived his right to appeal his sentence and that the alleged sentencing errors do not constitute manifest injustice, we affirm.

### DISCUSSION

A.  Waiver of Appeal

In his plea agreement, Figueroa agreed "that if [the District] Court accepts this agreement and sentences defendant according to its terms and conditions, defendant waives and surrenders defendant's right to appeal the judgment and sentence in this case."  For such a presentence waiver of appellate rights to be valid and enforceable, "the baseline . . . is that the defendant enter[ed] into it knowingly and voluntarily."  United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001).  And "critically important to a determination of knowledge and volition" are "the text of the plea agreement and the content of the change-of-plea colloquy."  Id.  Specifically, for such a waiver to be valid, the plea agreement should "contain[] a clear statement elucidating the

-2-

waiver and delineating its scope," id.; and, at the change-of-plea hearing, "the court's interrogation [should] suffice to ensure that the defendant freely and intelligently agreed to waive [the] right to appeal [the] forthcoming sentence," id.; see also Fed. R. Crim. P. 11(b)(1)(N) (requiring such a colloquy).

Here, the language of the waiver was clear. Indeed, as we previously concluded with respect to an identically worded waiver, "[t]here can be no doubt that the plea agreement contained 'a clear statement elucidating the waiver and delineating its scope.'" United States v. De-La-Cruz Castro, 299 F.3d 5, 10 (1st Cir. 2002) (quoting Teeter, 257 F.3d at 24). At the end of the agreement, Figueroa certified that he "ha[d] read this agreement and carefully reviewed every part of it with my attorney [and that he] fully understand[s] this agreement and [he] voluntarily agree[s] to it." His attorney signed a certification to the same effect. "These desiderata furnish prima facie evidence of [Figueroa's] knowledge and volition." Teeter, 257 F.3d at 26. Further indicia of Figueroa's ability to understand the agreement are his age (36), education (high school graduate and some university studies), and experience (teaching a GED course).

The colloquy at Figueroa's plea hearing was also sufficient to ensure that he understood his preexisting waiver of appeal. After the court specifically pointed out the waiver provision and confirmed that Figueroa's attorney had explained the

provision to him and that Figueroa understood it, the court further asked, "So you understand that by entering into this Plea Agreement you will have waived or given up your right to appeal all or part of the sentence as long as it complies with [the waiver provision] of the Plea Agreement?"; and Figueroa responded, "Yes." In assessing the sufficiency of a virtually identical exchange, we readily rejected an argument that "[t]he plain language of the district court's inquiry" was somehow misleading. De-La-Cruz Castro, 299 F.3d at 11. The colloquy here was thus very different from the one that we found deficient in Teeter, where the district court neither directed defendant's attention to the waiver provision of the plea agreement nor otherwise discussed that provision but, instead, affirmatively sought and obtained confirmation of defendant's understanding that she would have a right to appeal any sentence the court imposed.

Thus, Figueroa's waiver of appeal was sufficiently knowing and voluntary to satisfy the Teeter criteria. Although we may nevertheless refuse to honor such a waiver where a miscarriage of justice has occurred, Teeter, 257 F.3d at 26, that prerogative is "applied sparingly and without undue generosity" and only "where a miscarriage of justice occurred," id.

B. Computing Sentence Based on Theft of More Than $10,000

Figueroa had ample notice, when he pleaded guilty, of the amount of loss that the court would use to compute his sentence and

-4-

of the resulting sentencing range, and he expressly stipulated to the truth of the underlying facts.  Given the lack of a factual dispute as to the amount of loss, Figueroa was not prejudiced by the indictment's reference to a theft of "$10,000," rather than the higher amount that was ultimately used to calculate his sentence. See United States v. Riggs, 347 F.3d 17, 20 (1st Cir. 2003), cert. denied, 540 U.S. 1126 (2004); United States v. Duarte, 246 F.3d 56, 62 (1st Cir. 2001).

C.  Delegation of Sentencing Authority

Figueroa's remaining claim of error is that the district court impermissibly delegated to the probation officer the responsibility for determining the maximum number of drug tests that Figueroa is required to undergo during his supervised release. Although the government confesses error on this point, we find no error and therefore affirm the district court's sentence in this respect.  See United States v. Mescual-Cruz, 387 F.3d 1, 8 n.2 (1st Cir. 2004) (stating that court of appeals need not accept agreed-upon but mistaken legal propositions).

Although we have invalidated supervised release conditions expressly delegating to the probation officer the responsibility for determining the number of drug tests that a defendant must undergo, United States v. Vega, 398 F.3d 149, 154 (1st Cir. 2005); United States v. Padilla, 393 F.3d 256, 258-59 (1st Cir. 2004) (per curiam); United States v. Melendez-Santana, 353

-5-

F.3d 93, 103 (1st Cir. 2003), the condition here does not embody any such express delegation to the probation officer. Rather, the district court's oral sentence required Figueroa to "submit to a drug test within 15 days of release, and at least t[w]o periodic tests thereafter." Its written sentence, which appears to be a form, is virtually identical: "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter." Neither the oral nor the written sentence expressly delegates the determination of the maximum number of tests to the probation officer.

Recently, we construed the very language used here as judicially capping the number of drug tests at three, rather than impermissibly delegating the determination of the maximum number of tests to the probation officer. United States v. Lewandowski, 372 F.3d 470, 471 (1st Cir. 2004). We apply that same construction here. As so construed, no improper delegation--and, therefore, no manifest injustice--has occurred.

The sentence is affirmed. See Local Rule 27(c).