**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1068

UNITED STATES,

Appellee,

v.

ALCIDES GARCIA-MARCUCCI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge
and Lynch, Circuit Judge.

Alcides Garcia-Marcucci on brief pro se.
H.S. Garcia, United States Attorney and Nelson Perez-Sosa,
Assistant U.S. Attorney, on brief for appellee.

July 5, 2005

**Per Curiam**.  Appellant, Alcides Garcia-Marcucci,  pled guilty to one count of conspiracy to distribute one hundred fifty kilograms or more of cocaine in violation of 21 U.S.C. § 846 and one count of laundering monetary instruments in violation of 18 U.S.C. 1956(a)(1).  He now appeals both his conviction and sentence.

Appellant first argues we should vacate his conviction because his guilty plea was rendered involuntary when the government breached its agreement to recommend the bottom of the guideline range of 188-235 months and to refrain from "us[ing] any information concerning his alleged leadership to enhance the sentence."  He further argues that the district court erred in failing to bring about the disclosure of the terms of the agreement during the change of plea hearing.

As appellant is unable to establish there was a plea agreement, both of these arguments fail.  See United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002); see also United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000).  Appellant concedes he never entered into a written plea agreement with the government, and the rules of the United States District Court for the District of Puerto Rico require that such agreements be in writing.  See D.P.R. R. 418 (2002).  Moreover, the record evidence does not support the existence of such an agreement.  The record supports only that the government stipulated that it would seek an offense

-2-

level of 38 and a criminal history category of I, would withdraw its 851 notice, and would "not seek any enhancement for a supervisory role or leadership capacity." These stipulations do not resemble the terms of the alleged plea agreement, and the government complied with each of them. To be sure, appellant provides an affidavit in which he claims that his counsel promised him that he would "receive at least the bottom of the guideline range of 188 to 235 months" if he pled guilty. As he did not properly raise this factual claim before the district court, however, he has forfeited any right to appeal on this ground.[1] See United States v. Argentine, 814 F.2d 783, 790 (1st Cir. 1987).

Appellant further argues that even if there was no plea agreement, his plea was involuntary because it was based upon his counsel's false assurances that the government would recommend a sentence at the lower end of the Guidelines range. This claim requires proof of facts outside the present record, as it centers on alleged intimate discussions between him and his counsel. Accordingly, it is not appropriate for direct appeal and will not

---

[1]While appellant raised a somewhat similar issue in his motion to set aside and/or withdraw guilty plea that he filed in the district court, the district court never considered it, choosing to hold the motion in abeyance while it determined whether the defense counsel that filed the motion should be disqualified due to conflict of interest. Ultimately, the court disqualified the counsel, and subsequent defense counsel withdrew the motion at the sentencing hearing.

be considered.  See, e.g, <u>United States</u> v. <u>Mala</u>, 7 F.3d 1058, 1063 (1st Cir. 1993).

Lastly, in response to our invitation to file supplemental briefing on the subject, appellant raises a claim of <u>Booker</u> error.  Appellant did not preserve this claim below, so we review for plain error.[2]  <u>See</u> <u>United States</u> v. <u>Antonakopoulos</u>, 399 F.3d 68, 77 (1st Cir. 2005).  Appellant's claim is largely identical to his involuntary plea claim and, therefore, fails for the above stated reasons.  Thus, he is unable to establish that the <u>Booker</u> error affected his substantial rights.  <u>See</u> <u>id.</u> at 78.

Accordingly, we <u>affirm</u>.

---

[2]  While appellant argued that the district court violated <u>Apprendi</u> in connection with his erstwhile motion to withdraw his plea, this does not suffice to preserve his <u>Booker</u> claim because he later withdrew the motion.