**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1756

UNITED STATES OF AMERICA,

Appellee,

v.

ISAIAH DAVIS-TORRES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Kayatta, Stahl, and Barron,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, District of Puerto Rico, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Eleonora C. Marranzini, Research and Writing Specialist, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

September 21, 2016

**STAHL**, **Circuit Judge**.  Appellant Isaiah Davis-Torres pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The maximum statutory penalty for the offense was a term of imprisonment of ten years.  In the plea agreement, the parties agreed to recommend the lower end of the applicable guideline sentence range of 27 to 33 months imprisonment.  The agreement also stipulated that the sentencing decision was within the discretion of the District Court, and included an appellate waiver.[1]

At the sentencing hearing, the District Court imposed a term of imprisonment of 60 months.  Davis now appeals, arguing 1) that the government breached the plea agreement, and 2) that the sentence was procedurally and substantively unreasonable.  Finding no ground for either claim, we AFFIRM.

## I. Facts & Background[2]

Davis was arrested on December 18, 2014, in Guayama, Puerto Rico, and charged with possession of a firearm.  During the course of the arrest, Puerto Rico Police Department ("PRPD") agents confiscated a Romarm AK-47 type rifle, 109 rounds of ammunition,

---

[1] The parties agree that the waiver does not bar the instant appeal in light of Davis's sentence exceeding the parties' jointly stipulated range.

[2] As this appeal follows a guilty plea, we recount the facts as established by the plea agreement, the presentence report, and the sentencing transcript.  United States v. King, 741 F.3d 305, 306 (1st Cir. 2014).

and two ammunition magazines.  As Davis had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, the indictment charged Davis with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Davis pled guilty and entered into a Plea and Forfeiture Agreement with the government.  With respect to sentencing, the parties stipulated that the base offense level was 20 under U.S.S.G. § 2D1.1, with a 3-level downward adjustment applied for acceptance of responsibility under U.S.S.G. § 3E1.1.  Although the parties did not stipulate to Mr. Davis's Criminal History Category ("CHC"), the agreement noted that for a CHC of II, a guideline sentence of between 27 and 33 months would be appropriate.  The parties agreed "to recommend the lower end" of this guideline range, with "any recommendation for a sentence below or above the stipulated sentencing range" constituting a material breach of the agreement.  Finally, the plea agreement stipulated "that the sentence will be left entirely to the sound discretion of the Court."

The United States Probation Office filed a Pre-Sentence Investigation Report ("PSR") on April 10, 2015.  The PSR reiterated the stipulation of facts contained in the plea agreement, and also included additional details of the investigation which led to Davis's arrest.  In particular, Paragraphs 11 and 12 of the PSR

included allegations that there were children in the area of the public housing project in Guayama where individuals were selling drugs, and that PRPD agents observed Davis in the vicinity of the drug point displaying the AK-47.

At the sentencing hearing, defense counsel objected to the inclusion of these additional factual allegations in the PSR. As a result of this argument, the Court requested that the government produce a witness to testify as to the objected-to information contained in the PSR. In response, the government called Agent Israel Martinez Cosme, who testified to the events in question and was subjected to cross-examination by defense counsel. Following the conclusion of Agent Martinez's testimony, the court directed the agent to re-take the stand and then asked whether there were children in the area at the time that the agent observed Davis brandishing the AK-47. The agent responded that there were. Following Agent Martinez's testimony, the court overruled defense counsel's objections, finding that "paragraphs 11 and 12 are totally consistent in very general terms with the situation that I have before me." The court ordered allocution, and the government reiterated that it stood by the sentencing recommendation contained in the plea agreement.

The district court concluded that the underlying factual circumstances of the case, in particular the defendant's prior criminal history and the firepower and ammunition in his possession

- 4 -

at the time of his arrest, justified an upward variance from the recommended sentence in the plea agreement, and sentenced Davis to 60 months in prison. The court stated that, in its view, the sentencing recommendation was too lenient.

Davis later filed a Motion for Reconsideration, reiterating arguments made by defense counsel at the sentencing hearing. Specifically, Davis argued that Agent Martinez's testimony was not credible and that certain factual allegations considered by the court during the sentencing hearing were not true, in particular the agent's testimony that children were present in the area when Davis openly displayed the AK-47. The district court denied that motion, and this appeal followed.

## II. Discussion

### A. Breach of The Plea Agreement

Davis claims that the government's conduct both prior to and during the sentencing hearing constituted a material breach of the terms of the plea agreement. As an initial matter, the government contends that Davis's argument should be deemed waived due to his failure to raise it below. While we agree that Davis did not raise this claim before the district court, we do not agree that this failure necessarily constitutes a waiver. Rather, without deciding whether the argument was waived, we give the defendant the benefit of the doubt and apply plain error review. See United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000).

Under this standard, Davis must establish that "(1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error adversely impacted the fairness, integrity, or public reputation of judicial proceedings." United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002). Davis presents four arguments that the government breached the plea agreement, none of which we find persuasive.

First, Davis argues that the government provided the probation office with facts which were not set forth in the plea agreement. The government responds that it was under an ethical obligation to do so. See United States v. Riggs, 347 F.3d 17, 19 (1st Cir. 2003) ("It was not only appropriate, but also in conformity with the government's obligations for it to provide the sentencing court with information as to the material facts surrounding the offense.").

While the United States is free to stipulate to a less detailed factual summary in a plea agreement, the government must respond to requests for relevant documents filed by the Court — of which the probation officer is viewed as an extension. Saxena, 229 F.3d at 5, n. 1. Furthermore, Davis was aware that this information was provided to the probation office, and his attorney was able to object to its inclusion in the PSR and was given an adequate opportunity to cross-examine a witness at the sentencing hearing on the disputed material.

Second, Davis contends that the government called a witness to testify at the sentencing hearing "knowing that the officer would be presenting evidence of offense conduct beyond what Mr. Davis" agreed to in the plea agreement. Agent Martinez was called by the government because the court instructed it to do so, and this only occurred because defense counsel had requested a hearing on the issues contained in the PSR. In fact, the government did not have the witness available initially, and the court recessed the hearing until the afternoon so that the government could produce the agent. In short, there was no breach of the plea agreement by the government in responding to the court's request that it make the witness available.

Third, Davis contends that the government breached the plea agreement by objecting to certain questions from defense counsel during her cross-examination. In fact, the government objected only twice — first when defense counsel asked the witness a sarcastic question,[3] and later when it believed that defense counsel had made a factual mistake in one of her questions. Both objections were sustained, and neither hindered the ability of defense counsel to effectively cross-examine the agent.

---

[3] Specifically, when challenging Agent Martinez on what he had observed that day, defense counsel asked if the agent could "see through buildings."

- 7 -

Mr. Davis's fourth argument, that the government merely paid lip service to the plea agreement, is similarly without merit. During allocution, the government reiterated that it stood by the terms of the plea agreement, even after the Court criticized the plea agreement as being too lenient. While the government "must keep its plea agreements," United States v. Mata-Grullon, 887 F.2d 23, 24 (1st Cir. 1989), "its recommendations need not be 'enthusiastic.'" Id. (quoting United States v. Ramos, 810 F.2d 308, 313-14 (1st Cir. 1987)).

Thus, there was no breach by the government.

B.    The Reasonableness of the Sentence

Because Davis objected to his sentence before the District Court, we review its reasonableness for abuse of discretion. United States v. King, 741 F.3d 305, 307 (1st Cir. 2014) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Under this standard, we first evaluate whether the District Court committed any procedural error, including, inter alia, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. Secondly, "[w]here the district court has committed no such [procedural] error, we next

turn to the substantive reasonableness of the sentence actually imposed and review the sentence for abuse of discretion." United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008). The substantive reasonableness inquiry "focuses on the duration of the sentence in light of the totality of the circumstances." United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014).

We find that the district court committed no procedural error. The court accurately calculated the guideline sentencing range, which was also spelled out by the parties in the plea agreement. Although Davis argues that the Court acted as an advocate for the government at the sentencing hearing by calling a witness to testify as to the contents of the PSR, this argument misstates the record. Defense counsel asked the court to make a ruling on a factual dispute which Davis raised for the first time at the sentencing hearing, and the court did not abuse its discretion by asking the government to call a witness to testify on that issue. Having ruled on the inclusion of the facts in the PSR, the court did not abuse its discretion by considering those factors in its sentencing decision.

Finally, the court adequately explained why it believed that an upward variance was justified in Davis's case, as it was required to do. See, e.g., Del Valle-Rodríguez, 761 F.3d at 176 ("Where, as here, a court imposes a sentence above the GSR, it must justify the upward variance."). The district court cited

- 9 -

Davis's prior criminal history, which included a previous firearms violation for which he was already serving a 13-year term of probation. The court also emphasized the inherent danger in carrying an AK-47 semi-automatic rifle with two high capacity magazines and 109 rounds of ammunition, particularly in an area where children were present and where drugs were being sold. The court noted that Davis's conduct "could have resulted in a massacre," a point not disputed by defense counsel. There was no abuse by the District Court in imposing an upward variance.

Finally, we address Davis's argument that the sentence was substantively unreasonable. A sentence is substantively reasonable "so long as it rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). In this case, we reject Davis's argument that the sentence was substantively unreasonable. The 60-month sentence is well below the statutory maximum of 120 months for violation of the felon-in-possession statute. And we do not find any evidence that the District Court abused its discretion in determining that the nature, circumstances, and severity of the defendant's conduct warranted a 60-month sentence in this case.

AFFIRMED.