# United States Court of Appeals
## For the First Circuit

No. 01-1298

UNITED STATES,

Appellee,

v.

ELLIOT GIRAUD-PINEIRO, A/K/A PIVI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Doumar,* Senior District Judge.

Howard M. Srebnick, Christine Ng, and Black, Srebnick & Kornspan, P.A., on brief for appellant.
Nelson Perez-Sosa, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco were on brief for appellee.

October 19, 2001

* Of the Eastern District of Virginia, sitting by designation.

**STAHL, Senior Circuit Judge**.  The defendant, Elliot Giraud-Pineiro, pled guilty to conspiracy to possess cocaine with intent to distribute and conspiracy to finance illegal narcotics transactions.  He now appeals his sentence. For the following reasons, we affirm.

## I.

In a multi-count indictment that named numerous co-defendants, Giraud-Pineiro was charged in three counts: Count One alleged that the defendants conspired to possess with intent to distribute more than five kilograms of cocaine and more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count Two alleged that the defendants conspired to finance these illegal transactions in violation of 18 U.S.C. § 1956; and Count Six was a forfeiture count.

Defendant initially pled not guilty to these charges. On May 17, 2000, Giraud-Pineiro and the government entered into a plea agreement, in which he agreed to plead guilty to the offenses charged in Counts One and Two of the indictment.  The plea agreement states that the defendant was originally indicted for possessing more than five kilograms of cocaine, and incorporates a factual statement that the conspiracy involved hundreds of kilograms of cocaine and that the defendant's role was to finance the cocaine shipments and manage the financial

-3-

transactions so as to conceal the illegal proceeds.  In return for his guilty plea, the government agreed that the defendant would "be held accountable in determining the applicable guideline range to at least three point five (3.5) but less than five (5) kilograms of cocaine."  This stipulation had the effect of decreasing defendant's penalty exposure from ten years to life imprisonment, see 21 U.S.C. § 841(b)(1)(A), to a range of five to forty years, see 21 U.S.C. § 841(b)(1)(B). In the plea agreement, it was agreed that the applicable offense level for the more serious count in the indictment (Count One) would be 30,[1] translating into a sentencing range of 97 to 121 months for a defendant with no prior criminal history.  Based on this calculation, the government agreed that it would recommend to the Court a sentence of 120 months.[2]

At the change-of-plea hearing, the district court advised the defendant about the consequences of pleading guilty, and informed him that, as Count One of the indictment reads, it carried a mandatory minimum term of ten years to a maximum of

---

[1]  This offense level was calculated by using a base offense level of 30, applicable for the 3.5 to less than five kilogram quantity, minus three levels for acceptance of responsibility, plus three levels for defendant's role in the offense.

[2]  The plea agreement left defendant free to argue for a sentence at the lower end of the applicable guideline range.

life imprisonment.  However, the district court specifically noted that the plea agreement stated that the government would only attribute to defendant an amount of cocaine of at least 3.5 kilograms but less than five kilograms.  The defendant confirmed that this was his understanding.  Satisfied that the decision of the defendant was made knowingly and voluntarily, the district court accepted the change of plea.

The probation office's presentence report recognized that the defendant had pled guilty to the offenses listed in the indictment, but that the plea agreement stipulated to a lesser quantity of drugs.  The report also confirmed the government's calculation of the base offense level (30) and criminal history category (I), indicating a guideline range of 97 to 121 months imprisonment, with an applicable five-year mandatory minimum. The district court accepted the recommendation of the probation office and adopted its calculations as the applicable guideline range in this case.  At sentencing, as agreed, the government recommended that the defendant be sentenced to a term of 120 months.  The defendant was then sentenced to a term of 120 months on Counts One and Two, to be served concurrently, followed by five years of supervised release.

**II.**

Giraud-Pineiro appeals his sentence, claiming that the prosecutor breached the plea agreement by suggesting that he was, in fact, responsible for "hundreds" of kilograms of drugs, directly contradicting the amount stipulated by the parties. Defendant emphasizes that during the sentencing hearing the government claimed that he had pled guilty to more than five kilograms of cocaine, and, as a result, the court sentenced him to the mandatory minimum of 120 months for the sale of more than five kilos. As a result, Giraud-Pineiro insists that he is entitled to a new sentencing hearing before a different judge.

This court exercises plenary review over the issue of whether the government has breached a plea agreement. See United States v. Clark, 55 F.3d 9, 11 (1st Cir. 1995). However, we review only for plain error when the defendant has knowledge of the conduct that purportedly amounts to a breach of the plea agreement, but nevertheless fails to bring it to the attention of the district court, as is the case here. See United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000) (citing, *inter alia*, Johnson v. United States, 520 U.S. 461, 466 (1997)).

We are satisfied that there was no breach of the plea agreement in this case. The government fulfilled its obligation under the plea agreement when it recommended a sentence of 120

months.  Even though Giraud-Pineiro pled guilty to Count One of the indictment, which stated that the offense involved more than five kilograms of cocaine, the judge made clear at the change-of-plea hearing that he would only hold the defendant responsible for an amount greater than 3.5 kilograms but less than five kilograms in accordance with the joint stipulation.[3] Likewise, at the sentencing hearing, the judge emphasized that he was only taking into account the lesser amount of drugs, as reflected in the plea agreement, when making his sentencing determination.[4]  Nothing in the transcript suggests that the sentencing judge believed that the statutory mandatory minimum of ten years was applicable to defendant's case.  Nor did the sentencing judge indicate that he was influenced by the fact that, in the absence of the stipulation, the defendant would have been subject to the ten-year mandatory minimum.  The trial judge simply accepted the recommendation of the government,

---

[3]     ("Regarding guidelines, you're going to be held liable for at least 3.5, but less than five kilos of cocaine. . . . There is together to be a recommendation that you be sentenced in both cases to 120 months.").

[4]     ("[Defendant] stipulated to an amount of drug [sic], and he's going to walk out the door sentenced to that amount of drugs. . . ."); ("[Defendant] stipulated that he was responsible for at least 3.5 but less than 5 kilos of cocaine, and that gives us a base level of 30 under guideline section 2D1.1.").

apparently because he believed that a sentence at the high end of the guideline range was appropriate.

## III.

Having found no error in the proceedings below, we hereby affirm the sentence imposed by the district court.

**<u>Affirmed.</u>**