# United States Court of Appeals
## For the First Circuit

No. 02-2399

UNITED STATES OF AMERICA,

Appellee,

v.

DONALD L. GONCZY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

Before

Torruella, Circuit Judge,

Cyr, Senior Circuit Judge,

and Oberdorfer,[*] Senior District Judge.

---

Benjamin D. Entine, for appellant.
Kirby A. Heller, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, Joshua Levy, Assistant United States Attorney, Carmen Ortiz, Assistant United States Attorney, and Monica S. Abrams, Attorney, Appellate Section, Criminal Division, were on brief, for appellee.

---

February 2, 2004

---

[*] Of the District of Columbia, sitting by designation.

**TORRUELLA**, <u>Circuit Judge</u>.  Defendant-appellant Donald L. Gonczy ("Gonczy") appeals his sentence on the grounds that the government breached its plea agreement with him.  We vacate the judgment and sentence, and remand for resentencing.

## I.

Pursuant to a plea agreement with the government, Gonczy pled guilty to one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 371; eight counts of wire fraud, in violation of 18 U.S.C. § 1343; and twenty-three counts of mail fraud, in violation of 18 U.S.C. § 1341.  Gonczy was part of a highly sophisticated telemarketing scheme, by which a large number of timeshare owners were induced to buy an appraisal provided by Gonczy and his companies at $400 each.  All appraisals, however, were worthless, no timeshare unit having ever been inspected.  The government estimated that there were roughly 38,000 victims, thus causing over $15 million in collective losses to the timeshare owners.

Under the plea agreement, the government was obligated to recommend "incarceration at the low end of the [United States Sentencing] [G]uideline[s] range calculated by the court. . . .," although the agreement specified that such recommendation was not binding on the district court.  Gonczy also specifically reserved the right to argue for a downward departure.

At the disposition hearing, the district court calculated the sentencing range to be between 70 and 87 months, which both parties agreed was within the appropriate range. However, after hearing arguments, the district court sentenced Gonczy to the top end of the range; <u>viz.</u> 84 months' imprisonment.

**II.**

One issue controls the outcome of Gonczy's appeal, and that is whether the government breached the plea agreement,[1] for if the statements of the Assistant United States Attorney ("AUSA") constitute a breach of the plea agreement, we will remand for resentencing. <u>See</u>, e.g., <u>United States</u> v. <u>Riggs</u>, 287 F.3d 221, 226 (1st Cir. 2002). An alternative remedy is to allow withdrawal of the guilty plea. <u>Santobello</u>, 404 U.S. at 263; <u>United States</u> v. <u>Clark</u>, 55 F.3d 9, 14-15 (1st Cir. 1995). However, Gonczy has requested that the case be remanded for resentencing.

If a proper objection is brought before the district court, breaches of plea agreements present questions of law for plenary review. <u>United States</u> v. <u>Canada</u>, 960 F.2d 263, 269 (1st Cir. 1992). When a defendant does not object to the breach of the

---

[1] Gonczy argued that there were two issues on appeal: whether the plea agreement was breached, and whether the district judge erred in sentencing Gonczy. A breach of a plea agreement is deemed a violation of that agreement by the government, not by the sentencing judge. <u>See generally</u> <u>Santobello</u> v. <u>New York</u>, 404 U.S. 257, 262 (1971).

plea agreement at the sentencing hearing, this court reviews for plain error.  Riggs, 287 F.3d at 224.

The government argues that Gonczy's counsel did not properly object because he neither stated the reason for his objection when the alleged breach occurred, nor did he request the plea be withdrawn, or ask the district court for the remedy of specific performance.  The government further argues that, even if counsel effectively objected, the district court did not address the issue of the breach and Gonczy therefore waived his objections.  We see it differently.

The government's argument fails not only because Gonczy's counsel did object, but because the record shows that the district court was aware of both the objection and the underlying reasons.  We have held that an objection is sufficiently raised as long as it brings the purported breach of the plea agreement to the district court's attention.  See, e.g., United States v. Giraud-Piñeiro, 269 F.3d 23, 25 (1st Cir. 2001)(holding defendant failed to object because he had "knowledge of the conduct that purportedly amounts to a breach[,] but nevertheless fail[ed] to bring it to the attention of the district court").  The government does not cite any authority to support its argument that counsel is required to present a more specific objection.  In the present case, when the AUSA concluded her statement as to the sentencing range, Gonzcy's counsel stated:

Your Honor, I object to the government characterizing that what should proceed in this [c]ourt at a minimum represents the guidelines when the government has entered into a plea agreement in which they have agreed to recommend the bottom of the guidelines in connection with that plea agreement. Counsel's statement tends to undermine the very agreement that the government has entered into.

So, your Honor, with all the flourish that we heard concerning this case just now, I think the [c]ourt is well aware of the facts of this case and all of those facts which were presented by counsel are merged into the government's conclusions that what should be done in this case is a sentence of 70 months.

Gonczy's counsel's purpose and reasons are clear both from the phrase "I object" and the subsequent discussion of the prosecutor's argument before the district court. More to the point, near the conclusion of the hearing, Gonczy's counsel alerted the district court that "[t]he defense does not waive any objection to [the AUSA's] remarks in the context of this argument." The district judge specifically noted, after sentencing Gonczy, that the "objection is not only appropriate but [counsel is] wise to maintain it." Therefore, we consider Gonczy's objection to have been sufficiently raised, and thus accord Gonczy's appeal plenary review.

**III.**

Gonczy argues that the AUSA violated the plea agreement when she argued for a sentence in excess of the agreed-upon recommendation of 70 months. The government disagrees, alleging

that the prosecutor did recommend 70 months.  It argues that the prosecutor's statements were merely anticipating Gonczy's motion for a downward departure.

A plea agreement is a binding promise by the government and is an inducement for the guilty plea; a failure to support that promise is a breach of the plea agreement, whether done deliberately or not.  See Santobello v. New York, 404 U.S. 257, 262 (1971);  see also United States v. Saxena, 229 F.3d 1, 6-8 (1st Cir. 2000), United States v. Kurkculer, 918 F.2d 295, 302 (1st Cir. 1990).

At the sentencing hearing, the AUSA's remarks began with the statement that "in line with th[e plea] the government would be recommending 70 months' imprisonment . . . ."  The AUSA then reviewed the facts of the offense, as required at a sentencing hearing.  The government's review of the facts of the case and of Gonczy's character cannot constitute a breach of the plea agreement as they were relevant to the court's imposition of sentence; no limitation can be placed, by agreement or otherwise, on this information.  See Saxena, 229 F.3d at 6 (noting that under 18 U.S.C. § 3661 no limitation is permitted on the type of character information a district court may receive for consideration in imposing sentence).  The government has a duty to bring all facts relevant to sentencing to the judge's attention.  See id.  This

-6-

duty coexists with the government's duty to abide by a plea agreement.

We are mindful, however, that a defendant entering into a plea agreement with the government undertakes to waive certain fundamental constitutional rights; because of that waiver, the government is required to meet "the most meticulous standards of both promise and performance." Riggs, 287 F.3d at 224 (citations omitted); see also Santobello, 404 U.S. at 261. In this case, the substance of the prosecutor's argument at the sentencing hearing can only be understood to have emphasized Gonczy's wrongdoing and his leadership role in the offense, advocating for the imposition of a higher sentence than the agreed-upon term of 70 months. After summarizing the facts of the case, she argued to the district court as follows:

> I would submit, your Honor, that the defendant was the brains behind this operation . . . that he set up these appraisal companies that obtained the moneys from innocent victims that exist in this case . . . .

> Your Honor, the defendant through his conduct ruined many lives. He set up this elaborate operation that involved numerous, numerous individuals. He ruined the lives of his own children. Although they willingly and voluntarily participated in this scheme, he is the one that brought them and involved them in this through his own promises.

> This was also, I want to inform the Court, this was a very blatant fraud. Despite being aware of law enforcement investigations locally initially that were conducted by the Florida Department of Law Enforcement, the

> defendant basically laughed in the face of law enforcement efforts and even upon becoming aware of federal law enforcement efforts through the investigation that we were conducting and the numerous searches that we conducted throughout the country, continued to operate this scheme to defraud and continued to operate it after he left to go to St. Marten [sic] and fled there. And I would submit, your Honor, that this scheme did not come to a halt despite our investigation, despite our searches and seizures, until Mr. Gonczy himself was finally arrested in January of 2001 and then extradited back to this country from St. Marten [sic].

The district court chided the AUSA for being repetitive and effectively ended her argument. The prosecutor then concluded, stating that "the defendant at a minimum deserves what the guidelines provide for and those are his just deserts [sic]."

We have found in similar circumstances that an AUSA violated a plea agreement when she "never . . . affirmatively recommended a 36-month sentence and her comments seemed to undercut such a recommendation." Canada, 960 F.2d at 268. In Canada, we found that while the AUSA's comments "stopped short of explicitly repudiating the agreement, Santobello prohibits not only explicit repudiation of the government's assurances, but must in the interests of fairness be read to forbid end-runs around them." Id. at 269 (citations and quotation marks omitted).

The government argues that this appeal is distinguishable from Canada because the AUSA in fact recommended 70 months. No magic formula exists for a prosecutor to comply with the agreed-

upon sentence recommendation, but the prosecutor's "overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse." Id. at 268; see also Saxena, 229 F.3d at 6 ("[s]atisfying this obligation [under the plea agreement] requires more than lip service on a prosecutor's part."). The initial recommendation in Gonczy's case was undercut, if not eviscerated, by the AUSA's substantive argument to the district court.

The government's argument that the prosecutor was merely anticipating the request for a downward departure is unavailing. The district court in the sentencing hearing clearly designated the first part of the hearing for the sentence recommendation and the second part for the issue of downward departure. Moreover, the downward departure related to Gonczy's medical condition. Nowhere in the initial argument related to sentencing was that condition mentioned.

We agree with the district court that "no fair reading of [the prosecutor's] argument to the [c]ourt would lead an impartial observer to think that [she] thought 70 months' was an adequate sentence." The district judge admonished the prosecutor, saying that "if you plea bargain out a case at 70 months then the entire argument should be devoted to a sentence of 70 months." While paying lip service to a term of 70 months' imprisonment, the AUSA substantively argued for a sentence at the higher end of the

guidelines.  In doing so, the government violated the plea agreement it entered into with Gonczy.

## IV.

For the foregoing reasons, we vacate the judgment and sentence and remand for resentencing.

**<u>Vacated and Remanded</u>**.