UNITED STATES of America, Plaintiff,

v.

Joseph McCLOSKEY–DIAZ [1], Defendant.

Criminal No. 09–364 (FAB).

United States District Court, D. Puerto Rico.

Feb. 26, 2013.

Jenifer Yois Hernandez–Vega, Jose A. Ruiz–Santiago, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Osvaldo Carlo–Linares, Lausell & Carlo, PSC, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Joseph P. McCloskey–Diaz's motion requesting strict compliance with the plea agreement and other remedies, pursuant to *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). (Docket No. 1030.) For the reasons stated below, the Court **DENIES** defendant McCloskey's motion.

## I. BACKGROUND

### A. Plea Agreement and Change of Plea Hearing

Pursuant to a plea bargain agreement dated October 21, 2011, defendant McCloskey pled guilty to Count One of the indictment charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 & 1349. (Docket No. 601.) Because the parties could not agree as to the version of the facts at that time, the plea agreement did not contain a statement of facts. (*Id.* at p. 7; Docket No. 970 at p. 2.) At defendant McCloskey's change of plea hearing on the same date, the government gave a summary of the facts that it would have proven beyond a reasonable doubt at trial to establish defendant McCloskey's guilt as to Count One of the indictment. (Docket No. 970 at pp. 11–15, 21–28.) Defendant McCloskey openly disputed the facts submitted by the government and admitted only the facts sufficient to establish all of the elements pursuant to Count One.[1] Defendant McCloskey stated, however, that "of course [he] agree[s] to everything that refers to Count One in the indictment, as alleged," (Docket No. 970 at pp. 2–3), and the government told the Court, "[Defendant McCloskey] [is] just pleading to the elements of the crime,

---

1. Specifically, defendant McCloskey agreed "that he, with Angel Luis Millan, Nahir Dominicci, Esteban Llanos, and Sarahid Gomer, and others which are named in Count [One], knowingly and willfully conspired with each other to knowingly execute a scheme to defraud a financial institution.... [Defendant] McCloskey's participation was that he provided buyers and/or intermediaries, such as Angel Millan, Esteban Llanos, [and] Nahir Dominicci, a sales concession derived from the mortgage loans that he and the buyers knowingly failed to disclose to the financial institution." (Docket No. 970 at p. 29.)

giving [his] version of facts, we have ours, and then we'll just get everything resolved at sentencing, Your Honor." *Id.* at p. 3.

At the change of plea hearing, the government also summarized the plea agreement reached with defendant McCloskey. The government stated, and the plea agreement provides, that defendant McCloskey "reserves the right to argue a variant[2] sentence of 18 months within the corresponding alternative sentencing zones, taking into consideration the factors delineated in 18 U.S.C. § 3553. (*Id.* at p. 13; Docket No. 601 at p. 5.) The parties also agreed that the government "reserves its right to oppose defendant[']s request, and argue for sentence of twenty-four (24) months of imprisonment." (Docket No. 601 at p. 5; Docket No. 970 at p. 13.) In addition, "[t]he United States reserves the right to carry out its responsibilities under the sentencing guidelines. Specifically, the United States reserves the right: ... (b) to dispute sentencing factors or facts material to sentencing within the bounds of the plea agreement; and (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office." (Docket No. 601 at p. 4.) The agreement further stipulates that "no other promises, terms or conditions will be entered unless in writing and signed by all parties." (Docket No. 601 at p. 8.)

## B. Sentencing Hearing

After defendant McCloskey filed a sentencing memorandum on August 19, 2012, (Docket No. 968), and the Court received an amended presentence investigation report ("PSR") from the U.S. Probation Officer on August 20, 2012, (Docket No. 971), the parties appeared before the Court for a sentencing hearing on November 7, 2012. Defendant McCloskey declined to address the Court and instead deferred to the arguments set forth in his sentencing memorandum, explaining that it "covers all the issues, including [his] argument for a variance in sentence" of 18 months. (Docket No. 1020 at p. 2.) The sentencing memorandum encouraged the Court to consider a number of sentencing factors pursuant to 18 U.S.C. 3553(a), and argued that (1) defendant McCloskey did not know that other defendants charged in Count One presented false financial statements for two companies; (2) he consulted with attorneys and a bank about the legitimacy of the transaction and was not involved in the presentation of false financial statements by the other codefendants; (3) he did not participate in providing false financial statements, preparing false documents attesting to deposits or certificate of deposits that did not exist, and other irregularities; and (4) defendant McCloskey's violation does not pose a danger to the community. In response, the government requested that the Court sentence defendant McCloskey to 24 months in prison. (Docket No. 1020 at p. 12.) It explained that while the plea agreement does permit defendant McCloskey to ask for a variance, the government is also allowed to argue against the variance and in favor of a sentence of 24 months. *Id.* at p. 3. Both parties reiterated their disagreement as to the correct version of the facts, and the government, for "the simple purpose of requesting the Court to reject [defendant McCloskey's] motion for a variance in sentence," submitted its version of facts during the sentencing. (*Id.* at pp. 3–12.)

Throughout the hearing, the government repeatedly argued that its submission of facts was proper to contest defendant McCloskey's request for a variance, and that it was in strict compliance with the

---

**2.** A "variance" results from a judge's consideration of sentencing factors pursuant to 18 U.S.C. § 3553(a). *United States v. Gibbons,* 553 F.3d 40, 42 (1st Cir.2009).

plea agreement. *See, e.g.,* (Docket No. 1020 at p. 3.) ("[W]e strictly are complying with the plea agreement."); *Id.* at pp. 3–4 ("The basis for [the government's] arguments are basically to request the Court to reject that sentence requested by [defendant McCloskey] and for the Court instead to impose a sentence of 24 months."); *Id.* at p. 5. ("[The government] submit[s] that, not because [it is] requesting the Defendant be provided or be imposed an aggravating factor for his leadership role[,] but for [the government] to be able to ask the Court to reject the Defendant's request for a split sentence. . . ."); *Id.* at p. 16 ("[W]e are responding to the Defendant's sentencing memorandum itself."); *Id.* at p. 17 ("So he cannot stand here and submit this sentencing memorandum to the Court and say, 'Okay. Government, you can't bring forth your facts by proffer, but [I] can and allege whatever [I] want in [my] sentencing memorandum,' and [have the government] stay with [its] arms cross[ed] and not respond, Your Honor."); *Id.* at p. 19. ("[T]his is in direct response to what the Defendant has brought up in his sentencing memorandum."); *Id.* at p. 20. ("[The government is] allowed, when [defendant McCloskey] didn't stipulate to the statement of facts, to bring forth to the Court and the probation officer any material facts that the Court should take into consideration when [the government] request[s] a sentence of 24 months."). Defendant McCloskey, however, argued to the Court that a conflict exists between the government's version and the version he pled guilty to under Count One. *Id.* at p. 23. As a result, the Court continued the sentence, ordering that each party present evidence and bring witnesses to testify as to the facts of the case. *Id.*

### C. Post–Sentencing Hearing Motions

On December 7, 2012, the government filed an informative motion stating that the parties met after sentencing hearing "to review prior plea negotiation discussions and the plea agreement." (Docket No. 1010 at p. 1.) After assessing "whether the factual disputes were of a nature that affected the essence of the plea agreement," *id.,* the parties were able to reach an accord regarding the relevant facts underlying defendant McCloskey's guilty plea and contended "that an evidentiary hearing was unnecessary." *Id.* at p. 2. The informative motion stated, "The parties also agreed that the Government will recommend a 24–month sentence. The defendant may argue for an 18–month sentence and has already done so in his Sentencing Memorandum. Both parties will abide by the Statement of Facts proffered during the Change of Plea Hearing. With respect to defendant's request for a variance, the Government takes no position and leaves the same to the sound discretion of the Court." *Id.*

Two days after the government filed the informative motion, defendant McCloskey filed a motion in limine objecting to any argument by the government that "would influence" the Court to impose a higher sentence than that agreed to by the parties, as well as any argument against defendant McCloskey's requested variance. (Docket No. 1012.) He believes that any such arguments "constitute a breach of the plea agreement." *Id.* at p. 4. Concerned that the Court "would be influenced by the arguments already heard" regarding a higher sentence and/or variance, defendant McCloskey also requested transcripts of the October 21, 2011 change of plea hearing and the November 7, 2012 sentencing hearing. *Id.*

After reviewing those transcripts, Defendant McCloskey now claims to have "no doubt that the government breached the plea agreement and other related plea negotiation agreements." (Docket No. 1030

at p. 1.) Specifically, he argues that at the sentencing hearing the government "went beyond the [s]tatement of [f]acts proffered during the [c]hange of [p]lea hearing" and impermissibly argued against defendant McCloskey's requested variance, in violation of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *Id.* at p. 2. Accordingly, he seeks (1) a Court order demanding "strict compliance with the terms of the Plea Agreement and with other agreements summarized in the Informative Motion filed by the Government," and (2) sentencing to be set before another judge "due to the arguments that the Court has already heard, which are contrary to the agreements reached in this case . . . ." (Docket No. 1030 at p. 4.) He claims that the agreements cannot be fulfilled "before a Judge that has been strongly and wrongfully contaminated with arguments contrary to the agreements reached." (Docket No. 1039 at p. 8.)

The government responds that it did not promote a version of the facts that far exceeded the confines of Count One because the parties had not yet stipulated to the facts and the government had a duty to furnish relevant information to argue for a 24 month sentence. (Docket No. 1034-1 at pp. 5–6.) It also avers that it abided by the terms of the agreement in effect at the sentencing hearing on November 7, 2012 by furnishing the consideration due the defendant pursuant to the plea agreement, *id.* at pp. 7–9, and that the government properly provided facts at the sentencing hearing in order to directly dispute incorrect factual allegations made in defendant McCloskey's sentencing memorandum. *Id.* at pp. 10–12. It recognizes

that it must abide by the agreements reached in the informative motion at sentencing set for February 28, 2013, and it argues that because no breach has occurred in the case, sentencing need not be set before a different judge. (Docket No. 1036 at op. 12–13.)

## II. DISCUSSION

### A. Statement of Facts

■ The Court is unwilling to find that the government violated the plea agreement by exceeding any agreed-upon statement of facts proffered during the change of plea hearing. Defendant McCloskey's contends that his version of the facts offered at the change of plea hearing, and which the government merely deemed "sufficient" to meet the elements of the conspiracy charge under Count One, constituted the stipulated statement of facts that thereafter bound the parties. The Court does not agree, and finds that to date no stipulated statement of facts has been clearly established.[3]

At the October 21, 2011 change of plea hearing, the parties had been unsuccessful at stipulating to a version of facts, so the government explained that at that time, defendant McCloskey would plead to the elements of Count One giving his own version of the facts, and then the government would proffer its own version. "[T]hen we'll just get everything resolved at sentencing." Defendant McCloskey confirmed that he had no "quarrels" with that proposition. That the parties had not resolved their disputes over the facts is precisely the reason why they resorted to offering their own version of the facts at

---

**3.** The Court finds unclear the language contained in the government's informative motion, that "the parties will abide by the Statement of Facts proffered during the Change of Plea Hearing," especially given the government's subsequent argument that "[a]t no time did the government agree that defendant's proffered version of facts, if at all a version of facts, was adopted by the government and was made part of the plea agreement." (Docket No. 1034–1 at pp. 6–7; Docket No. 1036 at pp. 7–8.)

the change of plea hearing-thus leading the Court to conclude that neither side's version of facts constituted the single controlling statement of facts. Indeed, more than one year later when the parties appeared before the Court for the November 7, 2012 sentencing, they both admitted to the Court that they were *still* in disagreement as to a version of the facts, and accordingly the Court ordered an evidentiary hearing. In light of the above, the Court is unwilling to find that the government, in providing facts at the December 7, 2012 sentencing, breached the plea agreement by exceeding "the [s]tatement of [f]acts proffered during the [c]hange of [p]lea hearing."

■ Furthermore, despite its obligations to comply with the terms of a plea agreement, the government also has an affirmative duty to furnish all relevant information to the Court at sentencing. *See United States v. Saxena*, 229 F.3d 1, 6 (1st Cir.2000) ("[T]he government has an unswerving duty to bring all facts relevant to sentencing to the judge's attention."). As discussed below, the plea agreement explicitly authorized the government to argue for a 24–month sentence, and the government's offering of its version of the facts to do so was appropriate. Accordingly, the Court rejects defendant McCloskey's argument that the government breached the plea agreement by exceeding the bounds of any allegedly stipulated statement of facts.

## B. Breach of Plea Agreement and Informative Motion Accords

■ Defendant McCloskey's contention that the government breached the substantive agreements of the plea agreement and the informative motion is also unavailing. First, as the government points out, the plea agreement was the only agreement in force during the October 21, 2011 change

of plea hearing and the November 7, 2012 sentencing hearing. The plea agreement acknowledges defendant McCloskey's reserved right to argue for a variant sentence of 18 months; it also states, however, that "[t]he parties also agree that the United States reserves its right to oppose defendant[']s request, and argue for [a] sentence of twenty-four (24) months of imprisonment." Further, it provides that "[t]he United States reserves the right to carry out its responsibilities under the sentencing guidelines. Specifically, the United States reserves the right: ... (b) to dispute sentencing factors or facts material to sentencing within the bounds of the plea agreement; and (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office."

By presenting its version of the facts and arguing against defendant McCloskey's proposed variance during the sentencing hearing, the government remained well within the bounds of the plea agreement. The government here did not play "fast and loose." *See Saxena*, 229 F.3d at 6. Not only did the government inform the Court at the outset of the sentencing hearing that it stood by the plea agreement; it also abided by the plea agreement's terms by requesting that defendant McCloskey be sentenced to 24 months and proffering facts to support that request. It was entirely appropriate for the government to present its version of the facts, especially in light of its "unswerving" obligation to bring all facts relevant to sentencing before the judge. *See Saxena*, 229 F.3d at 6 ("The government's obligation to furnish relevant information to the sentencing court does not vanish merely because the government was a corollary obligation to honor commitments under a plea agreement."). The facts the government offered in this case both pertained to the sentencing factors for the Court's consid-

eration and were directed at disputing several questionable propositions in defendant McCloskey's sentencing memorandum. The prosecutor thus conscientiously managed the government's co-existing obligations to honor the commitments made in the plea agreement with its duty to provide the Court with all relevant sentencing information. Accordingly, the Court finds that the government "furnished the consideration due the defendant under the plea agreement," *see United States v. Clark*, 55 F.3d 9, 14 n. 3 (1st Cir.1995), while balancing its obligation to furnish relevant information, and no breach occurred.

Second, the Court cannot accept defendant McCloskey's argument that the government has violated or plans to breach the terms of the parties' updated agreement-the accords reached in the informative motion of December 7, 2012. In order to find that the government improperly disputed defendant McCloskey's request for a variance, defendant McCloskey would have the Court retroactively apply the informative motion accords to the sentencing and change of plea hearings, both of which were held *before* the government ever agreed not to oppose the variance request. The Court refuses to do so, and agrees with the government that "it was impossible for [the government] to have varied from an agreement that did not exist." (Docket No. 1034–1 at p. 8.)

The cases cited by defendant McCloskey are not controlling. Defendant McCloskey argues that *Santobello* issues arise after a sentence is imposed, and that this case "presents the uniqueness that the *Santobello* issue can be altogether avoided" if the Court finds a government breach of the plea agreement and orders sentencing to be conducted before another judge. (Docket No. 1039 at p. 8.) All of the cases defendant McCloskey cites, however, involve the government's breach of a plea agreement at a sentencing hearing occurring *after* the plea agreement came into effect. *See, e.g., United States v. Riggs*, 287 F.3d 221 (1st Cir.2002); *United States v. Gonczy*, 357 F.3d 50 (1st Cir.2004); *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Kurkculer*, 918 F.2d 295 (1st Cir. 1990). That is simply not the case here. The sentencing hearing that defendant McCloskey challenges took place on November 7, 2012, a month before the parties came to new agreements that they memorialized in the December 7, 2012 informative motion. Because defendant McCloskey presents the Court with no additional authority indicating that a defendant is entitled to retroactive protection of an updated plea agreement, the Court does not find any *Santobello* issue at play.[4] *Santobello* indeed requires the government to abide by the new informative motion accords at defendant McCloskey's sentencing hearing set for February 28, 2012. Because the government has not breached any agreement at this time, however, the Court declines to order the government to strictly comply with the updated plea agreement[5] and to submit the sentencing

---

**4.** The Court finds no basis for believing Defendant McCloskey's contention that "the agreements included in the government's Informative Motion cannot be fulfilled before a judge that has been strongly and wrongfully contaminated with arguments contrary to the agreements reached." (Docket No. 1039 at p. 8.) The government has assured defendant McCloskey and this Court that it will abide by the terms of the agreement, (*See* Docket No.

1034–1 at p. 14; Docket No. 1036 at p. 14), and as discussed above, the government's previous discussion of its version of the facts was entirely appropriate and limited in scope.

**5.** Such an order would be unnecessary, given that the government explicitly acknowledges that "it is clear from the Informative Motion ... that the government will not oppose, nor take a position, in regard to defendant

211

before a different judge.[6]

## III. CONCLUSION

The plea agreement in effect at the time of defendant McCloskey's change of plea and sentencing hearings explicitly allowed the government to oppose defendant McCloskey's variance request and present its version of the facts material to sentencing. Accordingly, the Court **DENIES** defendant McCloskey's motion, (Docket No. 1030).

**IT IS SO ORDERED.**

[McCloskey]'s request for [a] variant sentence." (Docket No. 1034–1 at p. 14; Docket No. 1036 at p. 14.)

6. Sentencing before a different judge is only suggested as a remedy if a breach of the plea agreement has occurred. *See United States v. Kurkculer,* 918 F.2d 295, 298 (1st Cir.1990); *Santobello,* 404 U.S. at 262–63, 92 S.Ct. 495.