# United States Court of Appeals
## For the First Circuit

No. 17-1117

UNITED STATES OF AMERICA,

Appellee,

v.

AXEL IRIZARRY-ROSARIO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Kayatta, Circuit Judge,
and Torresen,* Chief U.S. District Judge.

Richard B. Klibaner and Klibaner & Sabino on brief for appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, John A. Mathews II, Assistant United States Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

September 10, 2018

---

* Of the District of Maine, sitting by designation.

**TORRESEN, <u>Chief District Judge</u>.**  Defendant-Appellant Axel Irizarry-Rosario challenges his 84-month sentence for possession of firearms on the grounds that the government breached its plea agreement with him.  Finding no error, we affirm.

## I.   Background

On September 15, 2016, Irizarry-Rosario pleaded guilty to a two-count indictment entered after a police search of his residence uncovered six guns, a significant amount of ammunition, and eighty-two small bags of cocaine.  Count I of the indictment charged Irizarry-Rosario with possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Count II charged the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1]

For Count I, the parties' plea agreement stipulated that the government would recommend a sentence of sixty months, the minimum term of imprisonment required by 18 U.S.C. § 924(c).  For Count II, the parties agreed that Irizarry-Rosario's Base Offense Level under U.S.S.G § 2D1.1 was twelve and that his Total Offense Level was ten.  The parties did not stipulate to a Criminal History Category.  However, the parties agreed that if the district court found that Irizarry-Rosario fell within Criminal History Category

---

[1]    Our discussion of the facts is drawn from the plea agreement and the transcript of the sentencing hearing. <u>See</u> <u>United States</u> v. <u>Arroyo-Maldonado</u>, 791 F.3d 193, 196 (1st Cir. 2015).

- 2 -

I, then under the sentencing guidelines Irizarry-Rosario's sentencing range would be six to twelve months. The plea agreement provided that Irizarry-Rosario would seek a sentence at the lower end of this range and that the government would argue for a sentence at the higher end. The parties also agreed that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendations would constitute a material breach of the plea agreement.

At Irizarry-Rosario's sentencing hearing, the government kept its arguments brief. The prosecution began by stating that the parties had entered into a plea agreement and that for Count I, "we are going to be requesting 60 months." The following exchange ensued:

> [THE GOVERNMENT]: However, for the cocaine count, the Defense can request 6 months and the Government can request up to 12 months. The Government encourages the Court to sentence the Defendant in the higher end of those 12 months based on the sheer volume and quantity of firearms that were seized, and the ammunition that was seized. We are not talking about self-defense –
>
> THE COURT: The higher end of the drug charge because of the weapons?
>
> [THE GOVERNMENT]: The weapons is 60 months minimum statutory. That's what we stand by. But, however, for the cocaine count, in which there is a spread – there is a range from 6 to 12 months – we encourage the Court to sentence him to the higher end of those 12 months based on the amount of firearms that were seized,

the amount of ammunition, and the magazines
that were seized in his house, Your Honor.

The government offered nothing further. At the close of the hearing, after finding that Irizarry-Rosario fell within Criminal History Category I, the district court rehearsed the relevant facts including the full list of firearms and the number of rounds that the police had found in Irizarry-Rosario's residence. The district court then addressed the government's recommended sentence on Count I:

> Because of the significant number of weapons, some with obliterated serial numbers, and ammunition found, including assault rifles, large capacity magazines chocked full of ammunition, and additional ammunition in boxes, the Court finds that the sentence to which the parties agreed does not reflect the seriousness of the offense, does not promote respect for the law, does not protect the public from further crimes by Mr. Irizarry[-Rosario], and does not address the issues of deterrence and punishment.

The district court went on to sentence Irizarry-Rosario to eighty-four months of imprisonment as to Count I and twelve months as to Count II, to be served consecutively.

## II. Analysis

Irizarry-Rosario claims that the government breached the parties' plea agreement by arguing, albeit implicitly, that the agreed-upon sixty-month sentence for his weapons charge was too low. Because Irizarry-Rosario did not object to the government's alleged breach below, our review is for plain error. United States

- 4 -

v. Oppenheimer-Torres, 806 F.3d 1, 4 (1st Cir. 2015). Irizarry-Rosario therefore must show: "(1) that an error occurred (2) which was clear and obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Marchena-Silvestre, 802 F.3d 196, 200 (1st Cir. 2015)).

A defendant who enters into a plea agreement relinquishes significant constitutional rights. United States v. Rivera-Rodríguez, 489 F.3d 48, 57 (1st Cir. 2007). We therefore "hold prosecutors engaging in plea bargaining to 'the most meticulous standards of both promise and performance.'" Id. (quoting United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002)). In short, "[t]he government must keep its promises or the defendant must be released from the bargain." United States v. Kurkculer, 918 F.2d 295, 297 (1st Cir. 1990).

At times, the government's obligation to adhere scrupulously to a plea agreement collides with its equally firm obligation to provide relevant information to the sentencing court. United States v. Ubiles-Rosario, 867 F.3d 277, 283 (1st Cir. 2017). When these commitments conflict, we look to the plea agreement's terms "to 'help resolve the[] competing tugs.'" Id. at 284(quoting United States v. Miranda-Martinez, 790 F.3d 270, 275 (1st Cir. 2015)).

- 5 -

Here, Irizarry-Rosario acknowledges that the government facially complied with the plea agreement by requesting a sixty-month sentence for Count I, but he claims that the government then sought to undermine that recommendation. Irizarry-Rosario's support for his position is that during the plea colloquy the government twice referred to the large quantity of weapons and ammunition Irizarry-Rosario possessed at the time of his arrest. Through these references, Irizarry-Rosario contends, the government tacitly argued that the district court should impose a sentence above sixty months.

"We prohibit not only explicit repudiation of the government's [plea-bargain] assurances but also end-runs around those assurances." United States v. Cruz–Vázquez, 841 F.3d 546, 548 (1st Cir. 2016). There is, however, no indication here that the government took with one hand what it had given with the other. The government did not lament the plea agreement's terms or otherwise suggest that it would seek a different sentence if free to do so. See United States v. Clark, 55 F.3d 9, 12 (1st Cir. 1995); United States v. Canada, 960 F.2d 263, 269 (1st Cir. 1992). Instead, the government stated its recommendation on the weapons charge without any reservation, confirmed to the district court that its references to Irizarry-Rosario's weapons went only to the drug charge, and reiterated that it was recommending the sixty-

month sentence on Count I to which the parties had agreed. This reflects adherence to the plea agreement, not a breach.

The prosecution also did not "gratuitously offer[] added detail garbed in implicit advocacy" that might have led the district court to rethink the government's recommendation. Miranda-Martinez, 790 F.3d at 275 (citing United States v. Gonczy, 357 F.3d 50 (1st Cir. 2004)). The plea agreement provided that the government would seek a sentence at the higher end of the guidelines range for Count II. The government was entitled to explain that recommendation to the sentencing judge, and it did so briefly and interspersed with reaffirmations of the sixty-month sentencing recommendation for Count I. This was not a breach. See Ubiles-Rosario, 867 F.3d at 287 ("Having unequivocally and repeatedly stated that it was recommending a sentence of 300 months, the government was free to offer reasons supporting its recommendation." (quotation marks and citations omitted)); see also United States v. Quiñones-Meléndez, 791 F.3d 201, 204 (1st Cir. 2015) (no error from government's introduction of video showing the defendant fleeing from officers, where the defendant's plea agreement contemplated that the government could argue that the defendant's sentences for two counts should run consecutively); United States v. Almonte-Nuñez, 771 F.3d 84, 91 (1st Cir. 2014) (no error from the government's emphasis at sentencing on the vulnerability of the defendant's purported

victim; "[t]he Agreement allowed the prosecutor to seek the upper end of the [guideline sentencing range] contemplated by the Agreement, and the AUSA was within fair territory in emphasizing facts that made a sentence at the low end of that [range] inappropriate").

Irizarry-Rosario insists that the government's references to firearms must have been ill-intentioned because the number of weapons he possessed was irrelevant to the calculation of his guideline range on Count II. This argument misses the mark. As we have recognized, under 18 U.S.C. § 3661 "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Cruz–Vázquez, 841 F.3d at 549 (quoting 18 U.S.C. § 3661). It requires little imagination to understand why a defendant's accumulation of a small arsenal might counsel in favor of a higher sentence on a drug distribution charge.

In sum, the government did not breach its plea agreement with Irizarry-Rosario and there is no error.

### III. Conclusion

For the reasons set forth above, we affirm Irizarry-Rosario's sentence.